N. H. FREY *vs.* A. L. RAMSOUR.

1. When the legal estate in land is not conveyed, a trust cannot be raised by parol even founded on a valuable consideration and though followed by actual occupancy and the erection of valuable improvements.

2. One claiming under a deed is not estopped by it, to show that his bargainor did not have title at a time anterior to the delivery of his deed.

3. No estoppel arising from a Sheriff's deed is fed by an after acquired interest —hence when A had no title to land when sold under execution as his property so that nothing passed at the time by such deed, one who afterwards takes a deed from the defendant in such execution is not estopped to show that in fact his vendor had no title at the date of the execution sale.

4. Neither is such second vendee estopped to show want of title as above stated by any rule of practice; as the rule that when both parties claim under the same person neither shall be permitted to deny his title has been adopted for the purpose of aiding the administration of justice by dispensing with the necessity of requiring the proof of original grants and mesne conveyances, and after the rule has effected this purpse it is *functus officio*, and the matter is then open in regard to the title subject to the doctrine of estoppel and such other principles as may be applicable.

The cases of *Newlin* v. *Osborne,* 2 Jones 164, and *Shelton* vs *Shelton,* 5 Jones Eq. 292, cited and approved and the latter distinguished from the principal case.

This was a civil action brought by the plaintiff as purchaser at execution sale, against one Miller to try the title to real estate and was tried before His Honor, Judge Mitchell and a jury, at Fall Term 1870, of the Superior Court of Caldwell.

The facts are stated in the opinion with sufficient precision to supercede the necessity of a separate report.

There was a verdict and judgment below for the defendant and the plaintiff appealed.

*Folk* for the appellant.

Where both parties claim under the same person, neither shall deny the title of such person. This rule is not based on

the idea of an estoppel but is a rule of practice which has become a rule of law. One exception is made to this rule: "when the defendant can show that the true title was in a third person and he has acquired that title or can connect himself with such third person." *Newlin* v. *Osborne*, 3 Jones, 164. In this case the defendant insists that he may also avoid the rule by shewing the title in himself at the time he took the deed from Miller.

A defendant may devise to avoid the rule three ways:

1st. By showing the true title was in a third person and he has acquired such title.

2d. By showing the true title was in himself at the time he took the deed from the person under whom both parties claim.

3d. By showing the true title in a third person without connecting himself with such person.

The first has been considered the only exception to the rule; if the second is also added the exceptions would become broader than the rule, and destroy it as a rule. The defendant had the benefit of the rule, and could estop the plaintiff from denying the title of Miller. When he is cornered shall he be allowed to turn around and say, I am entitled to the verdict any way, for the truth is, I had the true title at the time I took my deed from our common grantor. "No man shall play open and shut·" *Armfield* v. *Moore*, Busbee 157. If it be said it would be hard to deny the defendant this right, the reply is: The title of a third person is the *tabula in naufragio* for which the law allows both parties to struggle, but it shall be accounted the folly of the defendant that he accepted a deed from my grantor when he had the title in himself; and he cannot complain because a rule of law is not violated to prevent mischief to him. If two joint tenants be seized of an estate in fee the one grants a rent charge of that which belongeth to him and dies, the survivor shall hold the land discharged. And the cause is, that he which surviveth claimeth and hath the land by survivorship, *i. e.*, under the original feoff-

ment. But if there be two joint tenants in fee and the one granteth a rent charge out of his part, and after releaseth to his joint companion and dieth, he shall hold the land charged forever. *Thom. Coke*, vol. 1, p. 747 and 50. Had the survivor not accepted the release he might have relied on the better title in himself and avoided the rent under the original feoff-ment. But because he accepted the deed from his co-joint tenant he was estopped to show such better title in himself. The principal case is stronger than the above case.

1. In the case from Coke one claimed the land, the other a rent issuing out of the land ; here both claim the land.

2. In the case cited, the joint tenant which released had an interest which determined at his death, and generally where an interest passes the deed creates no estoppel.

3. The title of the survivor was not consummate until the death of the co-tenant.

It was error to say there was no evidence that Miller had an interest liable to execution. There was evidence that defendant had declared a trust for Miller of one third of the mill. At common law it was not necessary that a trust should be declared in any particular way, the declaration could be made by deed, writing or word of mouth. Pearson, C. J., *arguendo. Shelton* v. *Shelton*, 5 Jones Equity, 292. But admitting "that declarations by words are only theoretically allowable." Rodman, Judge, in *Fergerson* v. *Haas*, N. C., 64, p. 772. Here are two circumstances, besides the declaration of the defendant ; "his interest is a third," viz : acceptance of the deed and being in continued possession.

*Armfield* for the appellee.

Estoppels must be mutual and bind only parties and privies and whoso is not bound by an estoppel cannot take advantage of it. *Griffin* v. *Richardson*, 11 Ired. 439 ; *Langston* v. *Mc-Kinnie*, 2 Murp. 67 ; *Gray* v. *Harrison*, 2 Hay. 292, (477).

PEARSON, C. J.   One Seth Moir conveyed the land to Ramsour, May 7th, 1857.   So we have the defendant Ramsour as a starting point.   In 1858, one Miller and Ramsour agreed by parol that Miller should have one third of the land in fee, at the price of $425, which Miller paid, he and Ramsour then occupied jointly, erected a mill, and made other improvements. In ·October, 1868, Ramsour and Miller agreed by parol, that Ramsour should have Miller's interest in the land, in exchange for another tract of land, and $600 in money: a deed was made for the land and the money was paid.   In August, 186ℐ, the sheriff under an execution against Miller, sold his undivided third interest in the land.

The plaintiff was purchaser, and took the sheriff's deed. In October, 1869, Miller executed a deed to Ramsour for his interest in the land, and the deed, as also the deed given for the land taken in exchange, was antedated, so as to make the date October, 1868, when the verbal agreement was made, and not October, 1869, on which date the deeds were executed.

The main question is, upon this state of facts did Miller in August, 1869, have an estate, interest or trust, which could be sold, under execution by the sheriff, the question of fraud against creditors being put out of the case.

Mr. Folk took the position, that the verbal agreement made by Ramsour and Miller in 1858, in pursuance of which, the price, $425 was paid, and the subsequent occupation and enjoyment by Miller, vested in him a trust estate, in regard to one undivided third part of the land, notwithstanding the fact, that the agreement was merely verbal.   For this he relied on *Shelton v. Shelton,* 5 Jones Eq., 292.

Taking this to be so, the verbal agreement of Miller and Ramsour in 1868, by which, in consideration of a tract of land and of $600 in money, which was executed on the part of Ramsour, Miller agreed to surrender, or extinguish, or convey back his trust estate, would have a like effect, so Miller had no trust estate, at the date of the sheriff's sale in August, 1869.

But *Shelton* v. *Shelton*, does not support the position, that a trust estate can be created by a mere verbal agreement.

At common law, a use or trust might be created in these modes, by bargain and sale for valuable consideration, which by Statute 27th, Henry 8, in regard to freehold estates must be by deed indented and enrolled, by covenant to stand seized for good consideration, and by passing the legal estate to a third person, by feoffment, fine, or recovery, and a declaration of the use, which declaration may be made at the same time, or may under a power of appointment be afterwards made by the feoffee, or to any third person to whom the power is given, and such declaration of a use or trust might be made by the feoffor at the time of the feoffment, by parol, for the feoffment passed the legal estate, and the only question was, shall the feoffment enure to the use of the feoffee, or of the feoffer, or of some third person in whose favor, the use is declared. *Shelton* v. *Shelton* decides that in the absence of any statutory provision, when the title is passed to a third person, a declaration of a use or trust, may be by parol, but here we have a case, when one without passing the legal estate, agrees by parol for valuable consideration, that he will stand seized in trust for another, in other words, he bargains and sells by parol one third interest in the land, this cannot be done, and *Shelton* v. *Shelton* has no application.

In the second place, it is insisted by plaintiff's counsel, that The deed from Miller to Ramsour although dated 1868, was in fact delivered and took effect October 1869, and Ramsour is estopped by this deed from denying, that Miller had in August 1869, a legal or trust estate, which was liable to sale under execution; for, says he, both parties claim under Miller, and neither of them can deny title in him.

My Lord Coke says, "the doctrine of estoppel is a most curious and cunning learning." We are pleased to acknowledge the efficient aid rendered to us, by the reflective and learned research of Mr. Folk and Mr. Armfield, in deciding

the question of estoppel in the new point of view in which it is presented. Should Miller die leaving a widow she may be entitled to dower in the land, because she is a privy and against her, Ramsour would be estopped by accepting the deed from denying that her husband was seized during coverture. As in the case cited by Mr. Folk from Coke's Littleton, if one joint tenant grants a rent charge, and afterwards by deed releases to the other joint tenant, who survives, he takes subject to the rent, although, but for the release he would have taken, discharged of the rent. 1 Thomas Coke, 747.

So if a disseisee be enfeoffed by disseissor, and the disseissor dieth, his wife shall be endowed by the disseisee, for he is estopped by the deed from denying the title of her husband. Otherwise if the estate had come to the disseisee by title of descent as heir of the disseisor, for in such case he cometh in, not by his own act but by act of the law, which worketh no estoppel, and he is remitted to his more ancient and better title. See Coke Lit.

So in respect to the claim of dower, it may be the misfortune of Ramsour, that instead of letting one parol agreement stand against the other, or taking a release setting out the facts, so as to fall under the rule "an estoppel against an estoppel leaveth the matter at large," he has accepted a deed which has the legal effect of an admission, as between parties and privies, that Miller was seized of the land in fee simple at the delivery of the deed October, 1869. We have seen that the widow of Mitchell would be a privy. The question is, can the plaintiff Frey, a purchaser at sheriff's sale, assume the relation of a privy either of Miller or of Ramsour, so, as "to shut Ramsour's mouth," and prevent him from averring that in point of fact, Miller did not in August, 1869, have any estate in the land liable to execution.

It is agreed that the title was at one time in Ramsour. Suppose Ramsour is estopped by the deed which he accepted of Miller, from denying that the title was in Miller in October,

1869, he does not by accepting the deed admit or aver as a fact that Miller had title in August, 1869, and when Frey falls back upon the doctrine of estoppel, Ramsour says I admit that Miller had title in October, 1869, and as a matter of course, you took nothing by the Sheriff's deed in August, 1869.

Thus it is seen, there can be no estoppel as between Frey and Ramsour, for the deeds under which they claim take effect at different times, and they are not privies in any sense of the term, but avowed adversaries, and the only connection is that they both claim title under Miller.

So the plaintiff is obliged to yield the position of "an estoppel by deed," and fall back upon the position, that by a rule of practice, "when both parties claim under the same person, neither shall deny the title of the person under whom both claim.

In *Newlin* v. *Osborne*, 2 Jones 164, after affirming the rule, "in ejectment the plaintiff must recover on the strength of his own title," this exception is admitted, with the explanation that it is not based on the idea of an estoppel, but "is a rule of practice which has become a rule of law adopted by the Courts for the purpose of aiding the administration of justice, by dispensing with the necessity of requiring the plaintiff to prove the orignal grant and *mesne* conveyance [which in many cases it is out of his power to do) upon proof that the defendant claims under the same person." After the rule has effected this purpose it is *functus officio*, and the matter is open then in regard to title, subject of course to the doctrine of estoppel and such other principles of as may be applicable.

No error.

. PER CURIAM.                    Judgment affirmed.