BOURNE v. SHERRILL.

(Filed December 18, 1906).

*Contracts—Collateral Agreements—Parol Evidence—Consideration—Statute of Frauds.*

Where at the time a lot was conveyed to the defendant, as an inducement thereto and in part consideration for the sale and delivery of the deed, the defendant then agreed with plaintiff that if he did not build on the lot, but resold it, plaintiff was to have the profits realized on such resale: *Held,* that such agreement could be shown by oral evidence and did not come within the statute of frauds and was not without consideration.

ACTION by Louis M. Bourne against R. G. Sherrill, heard by *Judge O. H. Allen* and a jury, at the September Term, 1906, of the Superior Court of BUNCOMBE.

Issues were submitted and responded to by the jury as follows:

1. Did the defendant agree with the plaintiff that if he would sell him the lot, that in the event he did not build on it but sold it, the plaintiff was to have the profits? Answer: Yes.

2. If so, what profit did the defendant derive from the sale of the lot? Answer: $263.04, with interest.

There was judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Locke Craig* for the plaintiff.
*Julius C. Martin* for the defendant.

HOKE, J.   There was evidence of plaintiff tending to show that plaintiff sold and conveyed to defendant a lot in Asheville for which he had been offered a larger price by another, under assurance that defendant desired to build on the lot as a home for himself and wife.

That at the time the lot was conveyed to defendant, as an inducement thereto, and in part consideration for the sale and delivery of the deed, defendant then agreed that if defendant did not build, but resold the lot, that plaintiff was to have the profits realized on such resale.

That shortly after obtaining the title, the defendant resold the lot at a profit, and plaintiff instituted the present suit to recover the profits pursuant to the agreement.

Defendant objected to the introduction of any and all of this testimony and to any recovery predicated thereon, on the grounds (1) that the agreement was without consideration; (2) that the same contradicted the deed; (3) that the contract was invalid under the statute of frauds, the same being a contract concerning realty, and required to be in writing.

The decisions of this State are against the defendant on each of the propositions advanced by him.   *Michael v. Foil,* 100 N. C., 178; *Sprague v. Bond,* 108 N. C., 382.

The consideration arose at the time of the sale, and as part inducement thereto.

The conveyance, the purpose of which was to pass the title, is allowed its full operation, and is therefore in nowise contradicted.   And the agreement enforced by this recovery attached to the proceeds from and after the sale, and was not therefore, concerning land, or any interest therein, within the meaning of the statute of frauds.

In *Michael v. Foil, supra,* it was held: "At the time of the delivery of a deed for land, and as a part of the inducement for its execution, it was orally agreed between the vendor and vendee, that if the vendee should sell the mineral interest in the land during vendor's life he would pay the vendor one-half of the amount received therefor: *Held,* that such agreement could be shown by oral evidence, and did not come within the statute of frauds."

In *Sprague v. Bond, supra,* it was held as follows: "S., being the owner of certain lands, conveyed them by deed absolute to B., upon the parol promise of the latter, from the proceeds of any sale the vendee might make, after paying expenses, etc., the vendor should be paid a part: *Held,* not to be within the statute of frauds." And *Shepherd, Judge,* delivering the opinion, said: "The enforcement of the alleged agreement, after the sale of the land, does not in any respect impinge upon the terms of the conveyance, but relates entirely to the payment of the consideration. It is true that the plaintiff could not have compelled the defendant to execute her agreement to sell the land, as there was no enforcible trust, and the agreement was within the statute of frauds, but this part of the agreement has been voluntarily performed, and the other part, not being within the statute, may now be enforced."

This last opinion refers with approval to the case of *Hess v. Fox,* 10 Wendell, 436, in which *Savage, C. J.,* delivering the opinion in a similar case, said: "No question can arise on the validity of the agreement to sell. That was performed, and the remaining part was to pay over money, supported by the consideration of land conveyed to the promiser."

These authorities are decisive against defendant, and the judgment below is affirmed.

No Error.