WILMINGTON FURNITURE COMPANY v. MAGGIE B. COLE, Widow, and ELSIE COLE JONES, ESTHER SCHNIBBEN, et al., Heirs at Law of H. COLE, Deceased; MAGGIE B. COLE, Administratrix, ROYAL INDEMNITY COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and J. A. GAMBLE, Receiver of COMMERCIAL NATIONAL BANK.

(Filed 27 February, 1935.)

**Appeal and Error K e—**

A motion in the Supreme Court for a new trial for newly discovered evidence will not be granted where the evidence relied upon as a basis for the motion tends only to contradict and discredit evidence offered at the trial.

PETITION for new trial for newly discovered evidence.

*Rountree, Hackler & Rountree and Carr, Poisson & James for plaintiff.*
*I. C. Wright, Bryan & Campbell, and Rodgers & Rodgers for Royal Indemnity Company, Fidelity Deposit Company, and J. A. Gamble, receiver.*
*Nathan Cole and Herbert McClammy for defendants Cole.*

PER CURIAM. The interveners filed a petition for a new trial for newly discovered evidence. This petition is based primarily upon the following allegations:

1. That since the trial it has been discovered that on or about 7 August, 1922, H. Cole paid to the Wilmington Furniture Company $10,000, and that this $10,000 was used to make payment on the mortgage note, so that in effect this part of the consideration was paid by Cole and not by the plaintiff.

2. That Cole, in his lifetime, listed certain stocks and bonds, aggregating $45,000, and that proceeds from these stocks and bonds paid off the mortgage of $20,000 held by the Massachusetts Mutual Life Insurance Company.

3. That the income tax return of plaintiff for the year 1922 showed under the head of liabilities an item of $1,004.14 due by the plaintiff to the estate of Henderson Cole, and that rent from the very property in controversy was set up by the corporation as due or accruing to the estate of said Cole.

4. That certain checks for taxes were not introduced in evidence through inadvertence, and, therefore, petitioners were denied the right to argue to the jury the effect of such items of evidence.

The tests set up by law for determining the granting of a new trial for newly discovered evidence are capitulated in *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690; *Brown v. Hillsboro,* 185 N. C., 368, 117 S. E., 41, and *S. v. Casey,* 201 N. C., 620.

At the trial the plaintiff offered evidence tending to show that the whole consideration for the property was paid by the plaintiff Wilmington Furniture Company. There are various references to such payments in the record. Copies of income tax returns were contained in the record and in the addenda thereto, and after a careful examination of the petition for a new trial the Court is of the opinion that the newly discovered evidence, as alleged, tends only to contradict and discredit evidence offered at the trial. Therefore, the Court is of the opinion that the interveners have not made such a showing as the law contemplates, and the petition is denied.

Petition denied.