HERBERT B. HOFFMAN AND WIFE, REMONA H. HOFFMAN v. JAMES P. MOZELEY AND WIFE, JULIA P. MOZELEY.

(Filed 6 November, 1957)

1. **Trusts § 4c—**

Allegations and evidence to the effect that plaintiffs furnished the full purchase price for certain lots, that defendants took title thereto in their own names, that defendants built a dwelling on one of the lots for plaintiffs, for which plaintiffs paid them in full, and that defendants thereafter conveyed only part of the lots to plaintiffs, is sufficient to make out a cause of action against defendants to compel the conveyance of the rest of the land on the theory of a resulting trust.

2. **Compromise and Settlement—**

Where there is evidence that the owners of land by operation of a resulting trust accepted from the trustor a deed to part of the land, with an executory agreement in regard to the balance, but without agreement that the conveyance of part should settle all claims and differences between the parties, the finding of the jury adverse to defendant determines the issue of settlement or estoppel.

3. **Frauds, Statute of, § 5—**

The statute of frauds has no application to a resulting trust.

4. **Trial § 36—**

Where the issues submitted arise on the pleadings and are supported by the evidence, and are determinative of the controversy, an assignment of error to the refusal to submit other issues cannot be sustained.

APPEAL by defendants from *Moore (Clifton L.), J.,* May, 1957 Term, LENOIR Superior Court.

Civil action by plaintiffs to establish title and right to possession of a certain described portion of lot No. 217 in Mount Vernon Park Subdivision, Falling Creek Township, Lenoir County, and to have the court declare the defendants to be trustees for the benefit of the plaintiffs.

It appears from the pleadings and the evidence that the plaintiffs furnished the defendant James P. Mozeley $1,250.00 for which to purchase lots Nos. 217, 218, 219, and 220 in the above

described development, upon which the defendant James P. Mozeley agreed to, and did, erect a dwelling house for a stipulated price. The said defendant made the purchase of the lots with plaintiffs' money and took title to himself and his wife. The plaintiffs paid for the dwelling. The defendants then executed a deed in fee to the plaintiffs for all of the described lots except a small triangular portion extending along the west side of lot No. 217. Prior to the execution of the deed to the plaintiffs, the parties discussed a sale of a part of lot 217, the purchase price to be applied to a reduction of the amount due the defendants for the erection of the dwelling. The sale was not consummated. The plaintiffs, having knowledge that their deed did not cover all of lot 217, nevertheless accepted it.

The plaintiffs contend they had paid for the lots and paid for the erection of the dwelling thereon, and they accepted the deed as written without waiving their right to require a further conveyance in the event a sale was not consummated for the small portion of lot No. 217 not covered by their deed.

On the other hand, the defendants contend (1) that agreement was made by which the defendants were to sell that part of lot No. 217 not conveyed to the plaintiffs and apply the purchase price on the cost of the dwelling; (2) that a controversy arose and that the plaintiffs accepted the deed in settlement of all claims and obligations on the part of the defendants; (3) that the contract between the parties involved the title to real estate and was not signed by the party to be charged, and was void and unenforceable under the statute of frauds. The defendants tendered the following issues:

"1. Did the parties to this action enter into a verbal agreement under the terms of which defendants were to sell a portion of the residence lot and apply the proceeds to the cost of constructing the house?

"2. Is this agreement barred by the statute of frauds?"
The court submitted the following issues which the jury answered as indicated:

"1. Did the defendants, with moneys previously paid by the plaintiffs as the purchase price, purchase and take title in their names the land involved in this action?
Answer: Yes.

"2. Did the plaintiffs accept delivery from the defendants of the Deed dated February 14, 1956, in settlement of all claims and differences between them?
Answer: No."

From the judgment on the verdict, the defendants appealed.

*Albert W. Cowper, for defendants, appellants.*
*La Roque & Allen, By: G. Paul La Roque, for plaintiffs, appellees.*

HIGGINS, J. The plaintiffs alleged and offered evidence to sustain the allegation that the plaintiffs furnished the defendant James P. Mozeley the full purchase price for the four lots involved, and that Mozeley had title thereto made to himself and his wife. After building a dwelling on the lots for the plaintiffs, for which they paid in full, the defendants conveyed only part of the lots. This action is to compel conveyance of the remaining portion upon the ground that a resulting trust in the property existed in favor of the plaintiffs by reason of their having furnished the purchase money. "Under such circumstances equity creates a trust in favor of such other person commensurate with his interest in the subject-matter. A trust of this sort does not arise from or depend upon any agreement between the parties. It results from the fact that one's money had been invested in land and the conveyance taken in the name of another." *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321; *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289; *Davis v. Davis,* 228 N.C. 48, 44 S.E. 2d 478; *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83; *Ricks v. Wilson,* 154 N.C. 282, 70 S.E. 476; *Summers v. Moore,* 113 N.C. 394, 18 S.E. 712; *Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222; *Paul v. Neece,* 244 N.C. 565, 94 S.E. 2d 596; *Grant v. Toatley,* 244 N.C. 463, 94 S.E. 2d 305.

The jury found the plaintiffs did not accept the deed in settlement of all claims and differences between the parties. That finding, which is supported by competent evidence, left the defendants under obligation to convey to the plaintiffs all lands bought with their money. "To constitute an abandonment or renunciation of a claim there must be acts and conduct, positive, unequivocal, and inconsistent with their claim of title." * * * ". . . estoppel stands practically upon the same footing . . ." *Furniture Co. v. Cole,* 207 N.C. 840, 178 S.E. 579.

Unsupported in law also is defendants' contention the contract to convey was void and unenforceable under the statute of frauds. It is well settled that "If one agrees, by parol, to buy land for another, and he does buy the land and pays for it with the money of his principal, but takes the deed in his own name, equity will enforce the agreement, hold him to be a trustee, and compel him to make title to the principal; for the statute which requires all contracts 'to sell or convey land' to be in writing has

no application." *Greensboro Bank & Trust Co. v. Scott,* 184 N.C. 312, 114 S.E. 475.

The only errors assigned by the defendant relate to the non-suit and the court's refusal to submit the issues tendered by the defendants. The evidence was ample to support plaintiffs' cause of action. The issues submitted arose on the pleadings. They were determinative of the controversy.

No error.