MARY NELL SCHMIDT v. W. W. BRYANT, DOROTHY G. BRYANT, MARION S. TAYLOR AND SYBIL B. TAYLOR.

(Filed 29 January, 1960.)

**1. Pleadings § 19c—**

A joint demurrer by all of the defendants must be overruled if the complaint states a good cause of action as to any one of them.

**2. Frauds, Statute of § 6a—**

Parole testimony is competent to contradict a consideration recited in a deed, although such testimony may not be used to alter or contradict the conveyance itself in the absence of fraud, mistake or undue influence.

**3. Trusts § 2a—**

A grantor may not engraft a parol trust in favor of himself upon his warranty deed.

**4. Frauds, Statute of § 6a—**

A grantor may not enforce a parol agreement on the part of the grantee to reconvey, nor an agreement by the grantee to sell the property and divide the proceeds of sale.

**5. Same—**

Where the grantor alleges that the grantee entered a contemporaneous parol agreement to reconvey or to sell the land and divide the profits realized from the sale, and that the grantee had sold the property, the parol agreement as to the division of profits does not involve an interest in land and does not come within the statute of frauds, and, the part of the agreement coming within the statute having been executed, the original grantor may maintain an action for an accounting to determine whether or not any profit was realized from the sale for a division under the agreement.

APPEAL by plaintiff from *Nimocks, J.*, 1 June Civil Term, 1959, of CUMBERLAND.

This is an action instituted for an accounting. The alleged facts are substantially as follows: That plaintiff is a niece of the defendant W. W. Bryant; that the defendants Bryant " * * * were widely experienced in the management, development, purchasing, selling, renting and financing of real estate * * * while plaintiff was relatively inexperienced in the same." That "plaintiff had had prior direct dealings with said defendants W. W. Bryant and wife, Dorothy G. Bryant, in the matters pertaining to real estate, including the purchase of residential lots from said defendants * * *." (The house and lots involved herein were located in a real estate subdivision owned and developed by the defendants Bryant, from whom the lots were purchased.) That, "as a result of (the aforesaid circumstances) * * * plaintiff had come to rely upon and to have confidence in the judgment of said defendants in their mutual dealings * * * which said reliance and confidence were encouraged by said defendants in divers ways."

Prior to 5 June 1954, the plaintiff, Mary Nell Schmidt, niece of the defendant W. W. Bryant, became the sole owner of certain lots upon which she and her husband (before they were divorced) had built a house, which was encumbered only by a deed of trust in favor of the Jefferson Standard Life Insurance Company with a balance due thereon of approximately $7,790.00. The house lacked an estimated $1,200 of being finished. Defendants Bryant, being aware of plaintiff's inability to raise the $1,200 to complete the house, and that by reason of her marital difficulties plaintiff had decided to move to California, where she still resides, informed the plaintiff that if she would convey said house and lots to them that they would " * * * complete the work required to finish the house for the estimate above described, pay all bills and charges relating to the property, and at the end of one year from date of such conveyance to them either reconvey * * * to plaintiff, upon repayment of such amounts so expended, or, at plaintiff's option, instead would sell said property on open market and, after deducting payments and expenses incurred by defendants per the agreement aforesaid and discharging the lien of the deed of trust * * * remit the balance of proceeds from such sale to plaintiff."

Relying on this promise, the plaintiff conveyed said house and lots by warranty deed on 5 June 1954 to Dorothy G. Bryant, one of the defendants.

The defendants' Bryant finished the house and proceeded to rent the property at an undisclosed rental. Thereafter, defendants Bryant,

on 14 March 1955, informed the plaintiff that the work required to complete the house cost not $1,200, as allegedly agreed upon, but $5,669.22, and that plaintiff could have the property back upon payment of the last mentioned sum and assumption by her of the debt owed to Jefferson Standard Life Insurance Company in the amount of $7,238.70.

Plaintiff, upon receipt of this proposal " * * * declined to accept the same on the grounds that the unauthorized expenditures by defendants Bryant and wife aforesaid had made it impossible * * * and demanded that the alternative agreed upon be performed by defendants Bryant and wife * * *. Instead, defendants Bryant and wife continued to rent said property and convert the rentals to their own use until, * * * without notice to or leave of plaintiff, they conveyed said property to the defendants Marion S. Taylor and wife, Sybil B. Taylor, their daughter and son-in-law, by warranty deed dated October 28, 1955, and recorded in Book 623, at page 99. Defendants Bryant and wife have never reported the sale to plaintiff, nor accounted to plaintiff for the proceeds of such sale, if proceeds there were."

Plaintiff further alleges that at the time of the conveyance to Marion S. Taylor and wife, the property in question had a reasonable market value of $17,500.00, and that the Taylors were familiar with the terms of the agreement pursuant to which the Bryants held the property. Plaintiff also alleges that she learned for the first time in January 1957 of the conveyance to the defendants Taylor.

When this cause came on to be heard, the defendants demurred *ore tenus* on the ground that the complaint did not state a cause of action. The court below sustained the demurrer, and the plaintiff appeals, assigning error.

*Sanford, Phillips, McCoy & Weaver for plaintiff.*
*Nance, Barrington & Collier for defendants.*

DENNY, J.  On the record before us we are limited to a determination as to whether or not the court below committed error in sustaining the demurrer *ore tenus* on the ground that the complaint fails to state a cause of action against the defendants.

Where all the defendants join in a demurrer to the complaint on the ground that it does not state a good cause of action, the demurrer will be overruled if the complaint states a good cause of action as to any one of the defendants. *Paul v. Dixon*, 249 N.C. 621, 107 S.E. 2d 141.

Since all the defendants joined in the demurrer interposed in this action, the demurrer must be tested in light of the above rule.

Parol testimony. is competent to contradict a consideration recited in a conveyance of land; such testimony may not be used, however, to alter or contradict the conveyance itself, in the absence of fraud, mistake or undue influence. *Walters v. Walters,* 172 N.C. 328, 90 S.E. 304.

Likewise, this Court has repeatedly held that a grantor cannot engraft a parol trust in favor of the grantor when there is a contrary intent clearly expressed in the deed. *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028; *Walters v. Walters, supra; Newton v. Clark,* 174 N.C. 393, 93 S.E. 951; *Penland v. Wells,* 201 N.C. 173, 159 S.E. 423; *Bass v. Bass,* 229 N.C. 171, 48 S.E. 2d 48.

If it be conceded that plaintiff and the defendants Bryant entered into an oral contract, as alleged in her complaint, she could not under our decisions have compelled the defendants Bryant before they sold the property to reconvey it to the plaintiff. Neither could she have compelled them to sell the property. The agreement to reconvey or in lieu thereof, at the option of the plaintiff, to sell, was within the statute of frauds and was not enforceable since the agreement was not in writing. *Walters v. Walters, supra.*

As we interpret the plaintiff's complaint, she does not seek a reconveyance of the property to her or the sale thereof. The defendants Bryant had already sold the property voluntarily. This being so, a parol agreement with respect to the disposition of the proceeds from the sale does not come within the statute of frauds, and an action will lie for the enforcement thereof. *Brown v. Hobbs,* 147 N.C. 73, 60 S.E. 716; *Bourne v. Sherrill,* 143 N.C. 381, 55 S.E. 799, 118 Am. St. Rep. 809; *Sprague v. Bond,* 108 N.C. 382, 13 S.E. 143; *Michael v. Foil,* 100 N.C. 178, 6 S.E. 264; *Brogden v. Gibson,* 165 N.C. 16, 80 S.E. 966; *Sumner v. Lumber Co.,* 175 N.C. 654, 96 S.E. 97; *Pinnix v. Smithdeal,* 182 N.C. 410, 108 S.E. 265. Cf. *Peele v. LeRoy,* 222 N.C. 123, 22 S.E. 2d 244. Under such circumstances, it is not necessary to establish a constructive trust in order to enforce the parol agreement with respect to the disposition of the proceeds derived from the sale of the property involved. *Bourne v. Sherrill, supra.*

In *Brown v. Hobbs, supra,* this Court quoted with approval from *Trowbridge v. Wetherbee,* 93 Mass. 364, as follows: " 'The defendant's promise was a part of the consideration for which he obtained his deed, and it does not follow as a matter of course that an agreement to pay a consideration for a conveyance of land is within the statute. In this case the defendant did not agree to convey any part of the land to the plaintiff, but to sell and convey it to some other person

and pay the plaintiff his share of the net proceeds in money. The first part of this promise, namely, the promise of the defendant to sell the land, was within the statute, and if he had refused to sell, the plaintiff could not have maintained an action to enforce the promise to sell. But the promise to sell has been performed, and when a promise which was within the statute has been performed, the contract is no longer within the statute. If some of the stipulations in a contract are within the statute and others are not, and those which are within it have been performed, an action lies upon the other stipulations, if they are separate.' "

Likewise, in *Bourne v. Sherrill, supra,* Bourne and Sherrill entered into an agreement that if the plaintiff would sell the defendant a certain lot, that in the event the defendant did not build on it but sold it, he would give the plaintiff the profits realized from the sale thereof. The defendant did not build on the lot but sold it for a profit. The action was instituted to recover the profit pursuant to the parol agreement. The defendant objected to the introduction of parol testimony to establish the contract "on the grounds (1) that the agreement was without consideration; (2) that the same contradicted the deed; (3) that the contract was invalid under the statute of frauds, the same being a contract concerning realty, and required to be in writing." The Court said: "The decisions of this State are against the defendant on each of the propositions advanced by him. *Michael v. Foil,* 100 N.C. 178; *Sprague v. Bond,* 108 N.C. 382. The consideration arose at the time of the sale, and is part inducement thereto.

"The conveyance, the purpose of which was to pass title, is allowed its full operation, and is therefore in nowise contradicted. And the agreement enforced by this recovery attached to the proceeds from and after the sale, and was not therefore, concerning land, or any interest therein, within the meaning of the statute of frauds."

In the case of *Sprague v. Bond, supra,* there was a parol agreement with respect to the disposition of proceeds from the sale of property conveyed. The Court said: "The enforcement of the alleged agreement, after the sale of the land, does not in any respect impinge upon the terms of the conveyance, but relates entirely to the payment of the consideration. It is true that the plaintiff could not have compelled the defendant to execute her agreement to sell the land as there was no enforceable trust, and the agreement was within the statute of frauds, but this part of the agreement has been voluntarily performed, and the other part, not being within the statute, may now be enforced."

In *Michael v. Foil, supra,* the Court said: "The contract for the sale of the land was in writing — the land itself was sold — but the agree-

ment, that if the mineral interest in the land should be sold during the lifetime of the plaintiff he should have one-half of it, was not put in writing. If the contract of sale was made subject to this agreement, as an inducement to the contract, the agreement, though in parol, may be enforced. The agreement did not pass or purport to pass any interest in land, and does not fall within the statute of frauds."

We express no opinion on the merits of this case. However, if the plaintiff can establish her contract as alleged, to the effect that she was to receive the excess proceeds from the sale of the property, if sold, over and above the balance due Jefferson Standard Life Insurance Company, plus the sums expended on the property by the defendants Bryant, pursuant to the terms of the agreement, the plaintiff is entitled to an accounting to determine whether or not any excess proceeds were realized from the sale of the property.

In view of the conclusion we have reached, the ruling on the demurrer *ore tenus* in the court below is

Reversed.