THOMAS E. HODGES v. ANNIE J. HODGES.

(Filed 21 March, 1962.)

1. **Trusts § 13— Agreement of owner to sell lands and divide or reinvest proceeds of sale may create a resulting trust.**

    Plaintiff's allegations and evidence were to the effect that plaintiff's mother furnished monies with which plaintiff's father built a house on land owned by him under agreement that plaintiff should have a remainder in the property, that this lot was thereafter sold and the proceeds used to buy a second lot, that the father conveyed the remainder after reservation of a life estate in this lot to plaintiff, that plaintiff thereafter reconveyed the remainder to his father under an agreement that the father would sell this second lot and reinvest the proceeds in a third lot for the benefit of both, and that the father had the fee simple title in the third lot conveyed to himself in violation of the agreement. *Held:* Plaintiff's right to assert a resulting trust is not dependent solely upon the agreement between plaintiff's mother and father with respect to the first lot, but plaintiff is entitled to assert a resulting trust if he conveyed the remainder in the second lot to his father under an agreement that the lot should be sold and the proceeds invested for the benefit of both, and an instruction limiting plaintiff's rights to the agreement relating to the first lot is prejudicial error.

2. **Same; Frauds, Statute of § 6a—**

    Where the remainderman conveys his interest to the life tenant under an agreement that the life tenant should sell the realty and reinvest the proceeds in other property, the remainderman cannot compel the life tenant to sell, but when the life tenant does sell and uses the proceeds in the purchase of other realty, the remainderman may assert a parol

trust in such other property, since in such instance the remainderman is not attempting to engraft a trust upon his own deed, and the right of the remainderman to compel the life tenant to account for the proceeds of the sale does not come within the statute of frauds.

**3. Trusts § 17—**

Where plaintiff asserts a resulting trust pursuant to the agreement of the owner of land. to sell same and invest the proceeds in other realty for the benefit of himself and plaintiff, plaintiff has the burden of establishing the agreement by clear, cogent, and convincing proof, and the burden of showing that the proceeds were in fact invested in the particular property against which the trust is asserted and the proportion of the purchase price which was derived from the sale of the land.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Mintz, J.,* October 1961 Civil Term of NEW HANOVER.

Plaintiff seeks by this action to engraft a trust for his benefit on a lot on Twenty-First Street in Wilmington conveyed to B. B. Hodges by deed dated 27 August 1948. B. B. Hodges, by will probated in December 1959, devised this lot to defendant, his widow. Plaintiff is the son of B. B. Hodges and the first wife of B. B. Hodges. Defendant was B. B. Hodges's last wife.

The complaint alleges B. B. Hodges owned a lot in Benson. He constructed a house on this lot with monies furnished by his then wife, plaintiff's mother, and "Bradley B. Hodges agreed with his said wife, the plaintiff's mother, that he would hold the title to the said house and lot for their son, Thomas E. Hodges, in fee simple subject to a life estate in Bradley B. Hodges, and that if he sold said property and reinvested the proceeds of said sale, the proceeds should be used to buy a home subject to the same trusts, terms and conditions." He alleges that B. B. Hodges sold the property in Benson and used the proceeds to purchase a house and lot on Sixth Street in Wilmington, and, pursuant to the agreement with plaintiff's mother, conveyed that lot to plaintiff, reserving to himself a life estate. Thereafter the Sixth Street property was sold and the proceeds derived from the sale invested by B. B. Hodges in a lot on Twenty-First Street in Wilmington, title to which was taken in the name of B. B. Hodges. The law engrafted a trust on said property resulting from the use of plaintiff's monies in the purchase.

Defendant denied the asserted trust. As a further defense she alleged that any trust obligation which might have existed had been satisfied by the purchase of a lot on Fifth Street in Wilmington, title to which was vested in B. B. Hodges for life and in plaintiff in fee in remainder.

The court submitted a single issue as to plaintiff's title to the lot in

controversy. The jury answered the issue in the negative. Judgment was rendered on the verdict. Plaintiff appealed.

*Rountree & Clark and Isaac C. Wright for plaintiff appellant.*
*Louis A. Burney and Elbert A. Brown for defendant appellee.*

RODMAN, J. The record discloses that B. B. Hodges purchased a lot on Sixth Street in Wilmington in September 1945. By deed dated 12 December 1946 he conveyed this property to plaintiff, reserving a life estate for himself. Witnesses for plaintiff testified to declarations made by B. B. Hodges that he purchased the property on Sixth Street with monies derived from the sale of the Benson property. By deed dated 26 March 1947 plaintiff reconveyed his interest in remainder in the Sixth Street property to B. B. Hodges. Plaintiff was at that time a minor. The record does not disclose what consideration, if any, is recited in the deed. Plaintiff's witnesses testified to declarations by B. B. Hodges at the time of the conveyance of the Sixth Street property to him that he would sell the property and reinvest the proceeds in other lands, taking title for life in B. B. Hodges and in remainder to the plaintiff. The record states the lot on Sixth Street was sold by deed dated 26 February 1949, recorded 2 March 1949. The record does not disclose the amount received by B. B. Hodges for the Sixth Street lot nor when payment was made. There was evidence from which the jury could find that B. B. Hodges had contracted to sell sometime prior to February 1949, the date of his deed. The evidence tends to show that B. B. Hodges paid more for the lot on Twenty-First Street, the lot in controversy, than he received from the sale of the Sixth Street lot.

B. B. Hodges purchased a lot on Fifth Street in Wilmington. The exact date of this purchase does not appear. It was purchased between December 1948 and March 1950. The record does not disclose the amount paid for that lot.

Seemingly there was a misunderstanding of plaintiff's rights based on the facts alleged in the complaint and the evidence offered to support those allegations. The court charged the jury that plaintiff, to impose a trust on the lot on Twenty-First Street, had the burden of proving the alleged agreement between plaintiff's mother and father, thereby creating a trust in plaintiff's favor on the lot in Benson, and, pursuant to that trust agreement, B. B. Hodges sold that lot and invested the proceeds in a lot on Sixth Street in Wilmington, which lot was likewise sold and the proceeds invested in the lot in controversy. Plaintiff, by exceptions to the charge, challenges the restriction so imposed on his right to recover.

Grave doubt as to plaintiff's right to recover would exist if that right was dependent on the creation of a trust for plaintiff's benefit by the agreement between his mother and father pursuant to which the mother provided the father with funds to erect a house on land then owned by the father. *Rhodes v. Raxter,* 242 N.C. 206, 87 S.E. 2d 265; *Frey v. Ramsour,* 66 N.C. 466. But plaintiff's rights are not dependent upon a trust imposed on the lot in Benson. It appears from the evidence, and seemingly without contradiction, that plaintiff did acquire a remainder interest in the lot on Sixth Street in Wilmington by the deed from his father. Whether the deed was made to plaintiff for the remainder interest in the Sixth Street property pursuant to an agreement between his father and mother or was a gift from the father or a combination of both was immaterial. The crucial questions were: First, was a trust imposed on the proceeds derived from the sale of the Sixth Street lot? If so, were the funds derived from that sale invested in the lot on Twenty-First Street, or were they, as defendant contends, used to purchase a lot on Fifth Street, the remainder interest in which was subsequently conveyed to plaintiff?

In the absence of fraud or other ground for equitable relief, a grantor may not impose a parol trust for his benefit on land which he conveys by deed purporting to vest title in the grantee. *Willetts v. Willetts,* 254 N.C. 136, 118 S.E. 2d 548; *Schmidt v. Bryant,* 251 N.C. 838, 112 S.E. 2d 262; *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028.

But plaintiff does not here seek to impose a trust on the lot on Sixth Street. His position is that he conveyed his remainder interest in that property upon an agreement that grantee would sell and reinvest the proceeds in other real estate. He could not have forced his grantee to comply with the asserted agreement to sell. *Schmidt v. Bryant, supra.* But, when his grantee performed his contract and sold, plaintiff had a right to call upon the grantee to account for the proceeds of sale. *Schmidt v. Bryant, supra; Walters v. Walters,* 172 N.C. 328, 90 S.E. 304; *Brown v. Hobbs,* 147 N.C. 73; *Bourne v. Sherrill,* 143 N.C. 381; *Barbee v. Barbee,* 108 N.C. 581; *Simpson v. Henry N. Clark Co.,* 55 N.E. 2d 10, 154 A.L.R. 380; Bogert Trusts and Trustees, sec. 66; Scott on Trusts, sec. 52.1.

The law is stated in Restatement, Trusts 2d, sec. 52 (p. 130) in this language: "If the owner of land transfers it to another person upon an oral trust to sell the land and to hold the proceeds in trust, the beneficiary cannot compel the transferee to sell the land; if, however, he does sell the land there is a valid contract to hold the proceeds in trust, and although the transfer of the land is the consideration for the promise to hold the proceeds in trust, the proceeds are personal proper-

ty and the contract is not required by the Statute of Frauds to be in writing."

If plaintiff establishes by clear, cogent, and convincing evidence the agreement to sell the lot on Sixth Street and reinvest the proceeds of sale in other land, a trust estate in plaintiff's favor would, to the extent of his interest in said funds, be created. The investment of those funds in other lands solely in the name of B. B. Hodges would, to the extent of plaintiff's interest in the monies derived from the sale, create a resulting trust in the properties so purchased. *Hoffman v. Mozeley,* 247 N.C. 121, 100 S.E. 2d 243; *Grant v. Toatley,* 244 N.C. 463, 94 S.E. 2d 305; *Wilson v. Williams,* 215 N.C. 407, 2 S.E. 2d 19.

If the agreement to reinvest the proceeds of the sale of the Sixth Street property in other lands for the father for life with the remainder to plaintiff be established, it will of course be necessary, for plaintiff to recover, to show that the proceeds were in fact invested in the lot on Twenty-First Street and the proportion of the purchase price of that lot which came from the sale of the lot on Sixth Street. *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321; *Holden v. Strickland,* 116 N.C. 185.

The date of the purchase of the property on Twenty-First Street, the date of the sale of the property on Sixth Street, the date of the purchase of the lot on Fifth Street, the amounts received and paid for these properties, and the conveyance of the lot on Fifth Street to plaintiff in remainder are all matters which the jury can take into consideration in determining the rights of the parties.

Since there was error in limiting plaintiff's right to recover to proof of the alleged agreement between plaintiff's mother and father, there must be a

New trial.

SHARP, J., took no part in the consideration or decision of this case.