MRS. IRENE L. VINSON v. ANNE LEE SMITH.

(Filed 20 March 1963.)

**1. Deeds § 7—**

The intentional delivery of a deed to the grantee is essential to its effectiveness.

**2. Pleadings § 29—**

The issues arise upon the pleadings, and where a fact alleged by one party is admitted in the pleading of the other, no issue arises thereon, and both parties are bound thereby.

**3. Trusts § 13—**

Where one party pays the purchase price for a conveyance made to another, for whom the first party has no obligation or duty to support, the transaction creates a resulting trust, provided the consideration for the conveyance is advanced at or before the time the deed is executed.

**4. Trusts § 17—**

The burden of proof in an action to impress a resulting trust upon a deed absolute in form is by clear, strong, and convincing proof.

**5. Trusts § 20—**

In an action to establish a resulting trust upon conflicting evidence as to whether plaintiff or defendant furnished the consideration for the deed in question, the burden is upon the party seeking to establish the trust to prove his payment of the consideration by clear, strong, and convincing proof, and an instruction placing the burden upon such party to prove the issue by the greater weight of the evidence is prejudicial error.

**6. Appeal and Error § 44—**

Where instructions requested by defendant, embodying the correct intensity of proof required of plaintiff, are erroneously understood by the court to relate to a subordinate issue, without fault on the part of defendant, whereupon the court gives incorrect instructions as to the burden of proof on the crucial issue, the doctrine of invited error does not apply.

APPEAL by defendant from *Froneberger, J.,* 7 January 1963 Regular Schedule "B" Term of MECKLENBURG.

Civil action to impose a resulting trust on five lots of land to which defendant holds a legal title by virtue of a deed recorded in the public registry of Mecklenburg County.

Plaintiff's evidence is as follows:

On 11 February 1955 plaintiff alone went to the office of Dr. Ralph Reid, and purchased from him five lots of land. She then and there paid him $1,000.00 for these lots in one dollar bills, and he gave her a receipt for the payment. In February 1955 he had his lawyer, John P. Kennedy, Jr., to prepare a deed for these lots to her. Dr. Reid and his wife executed this deed in February 1955. However, there is no evidence in the record that this deed was ever delivered by the grantors, or either one of them, to plaintiff or to anyone. No such deed is recorded in the public registry of Mecklenburg County. Shortly thereafter plaintiff and her husband were having "a little family argument," and she told Dr. Reid she wanted to change the deed to someone else. Dr. Reid called his lawyer, John P. Kennedy, Jr., who said it was all right. John P. Kennedy, Jr. in February 1955 prepared another deed from Dr. Reid and his wife conveying the same five lots as those described in the former deed to the defendant, a half-sister of plaintiff. Dr. Reid and his wife executed a second deed in September 1955, and it is recorded in the public registry of Mecklenburg County. Kennedy billed plaintiff for the writing of the second deed. At the time of the preparation of the second deed, Kennedy prepared a power of attorney from defendant to plaintiff, giving plaintiff the authority to convey any or all of the property described in the second deed. Defendant executed and acknowledged this power of attorney in September 1955. No deeds are in the record. Plaintiff has frequently requested defendant to convey these five lots to her, and she has refused to do so. In 1960 plaintiff had an operation for a ruptured blood vessel in her head. Two weeks later another blood vessel in her head ruptured. resulting in paralysis on her right side and in impairment of speech. Plaintiff did not testify in the case.

Defendant's evidence is as follows:

She has worked for years, and saved her money. She lives with her mother, and her mother kept the money for her in the house. In September 1955 plaintiff told her Dr. Reid had property for sale on the Pineville Road, which was a good investment. In consequence, a few days later plaintiff carried her to see Dr. Reid. A few days later plaintiff, her mother and she went back to Dr. Reid's, and she bought the five lots from Dr. Reid then and there paying him for them $1,000.00 in five, ten, and twenty dollar bills. Dr. Reid gave her a receipt for the purchase price, and later Dr. Reid and his wife con-

veyed these lots to her by deed. Her mother was 83 years old. She talked to plaintiff about a power of attorney. She told her: "This is all that I have that is paid for that is in my name.* * *The home is not paid for and my mother is old.* * *I want things fixed and so that you, I can depend on you if anything happens to me that you will take care of my mother." Plaintiff agreed to do so. She then contacted her lawyers, Craighill and Rendleman, she recalls no Mr. Kennedy, and had the power of attorney drawn. She revoked the power of attorney on 5 March 1962, three days after this suit was instituted.

The following issues were submitted to the jury, and answered as shown:

"1.  Did the plaintiff pay to said Dr. Ralph C. Reid the purchase price for the land conveyed to the defendant, as alleged in the Complaint?

"ANSWER: Yes.

"2.  If so, is the plaintiff the owner of and entitled to a deed to the property described in the Complaint?

"ANSWER: Yes."

From a judgment entered upon the verdict decreeing that this judgment shall operate and be a deed conveying the title and ownership to the five lots, which are described with particularity in the judgment, to the plaintiff, and shall be recorded in the public registry of Mecklenburg County in the same manner prescribed by law for deeds, defendant appeals.

*Plumides & Plumides by Warren D. Blair for defendant appellant.*
*James J. Caldwell for plaintiff appellee.*

PARKER, J.   The case was tried below on the theory of a resulting trust. Plaintiff's evidence tends to show that Dr. Ralph Reid and his wife executed a deed to these lots to plaintiff, but there is no evidence in the record that this deed was ever delivered. No such deed is recorded. "Delivery is essential to the validity of a deed of conveyance. Both the delivery of the instrument and the intention to deliver it are necessary to a transmutation of title." *Elliott v. Goss,* 250 N.C. 185, 108 S.E. 2d 475.

Plaintiff alleges in paragraph four of her complaint: "4. That although the purchase price for said lots of land was fully paid, as aforesaid, no deed or other conveyance of said lots was ever made to the plaintiff." In replying to this paragraph of the complaint defendant states in paragraph four of her answer: "4. That it is admitted

that no deed or other conveyance of said lots was ever made to the plaintiff but it is denied that the purchase price for said lots of land was paid for by the plaintiff." "It is an elementary rule that issues arise upon the pleadings, and, if a fact is alleged by one party and admitted by the other, no issue arises therefrom, but both parties are bound by the allegation so made, and evidence offered in relation thereto is irrelevant." *State ex rel. R. H. Lee v. Martin,* 191 N.C. 401, 132 S.E. 14.

This Court said in *Creech v. Creech,* 222 N.C. 656, 24 S.E. 2d 642:

"The overwhelming weight of authority recognizes the general rule that in the absence of circumstances indicating a contrary intent, where the purchase price of property is paid with the money of one person and the title is taken in the name of another, for whom he is under no duty to provide, a trust in favor of the payor arises, by operation of law and attaches to the subject of the purchase. *Harris v. Harris,* 178 N.C. 8, 100 S.E. 125; *Avery v. Stewart,* 136 N.C. 426; 48 S.E. 775; *Summers v. Moore,* 113 N.C. 394, 18 S.E. 712; 26 R. C. L., 1219, s. 64, note 1; 65 C.J., p. 382, s. 154 (5), note 14. The presumption is regarded as so powerful that the payment of the purchase price under such circumstances draws the equitable title to the payor 'as if by irresistible magnetic attraction.' *Ricks v. Wilson,* 154 N.C. 282, 286, 70 S.E. 476. And a resulting trust in favor of the party paying the consideration will arise, although the conveyance is made to another with the knowledge and consent of the payor. *Summers v. Moore, supra.*"

To the same effect see *Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222; *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289; 89 C.J.S., Trusts, section 116.

In *Rhodes v. Raxter,* 242 N.C. 206, 87 S.E. 2d 265, it is said:

"It is elemental that a resulting trust arises, if at all, in the same transaction in which the legal title passes, and by virtue of consideration advanced before or at the time the legal title passes, and not from consideration thereafter paid."

A resulting trust arises, if at all here, from the payment of the purchase money, and accordingly it is essential to the creation of such a trust that the money or assets furnished by or for the person claiming the benefit of the trust should enter into the purchase price of the property at or before the time of purchase. *Hodges v. Hodges,* 256 N.C. 536, 124 S.E. 2d 524; s. c., 257 N.C. 774, 127 S.E. 2d 567; *Hoffman v. Mozeley,* 247 N.C. 121, 100 S.E. 2d 243; *Rhodes v. Raxter,*

*supra; Wilson v. Williams,* 215 N.C. 407, 2 S.E. 2d 19; *Summers v. Moore,* 113 N.C. 394, 18 S.E. 712; *Young v. Greer,* 250 Ala. 641, 35 So. 2d 619; *Elliott v. Wood,* 95 Cal. App. 2d 314, 212 P. 2d 906; *Davis v. Roberts,* 365 Mo. 1195, 295 S.W. 2d 152; *Patrick v. McGaha,* Tex. Civ. App., 164 S.W. 2d 236; 89 C.J.S., Trusts, section 121, page 975.

On the first issue, "Did the plaintiff pay to said Dr. Ralph C. Reid the purchase price for the land conveyed to the defendant, as alleged in the complaint?", the burden of proof was on plaintiff to satisfy the jury by clear, strong, and convincing evidence of her contentions in respect thereto, and if she did not, the jury should answer that issue, No. A mere preponderance of the evidence does not suffice. *Hodges v. Hodges,* 256 N.C. 536, 124 S.E. 2d 524; *Bowen v. Darden, supra; McCorkle v. Beatty,* 226 N.C. 338, 38 S.E. 2d 102; *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418; *Summers v. Moore, supra;* Stansbury, North Carolina Evidence, section 213.

Prior to the beginning of the judge's charge to the jury, defendant's counsel gave to the court the following prayers for special instructions:

"1. The burden of proof was on the plaintiff and the law gives a peculiar force and solemnity to deeds and will not allow them to be overthrown by mere words, but only by facts and that these facts must be strong, convincing and unequivocal. (*SUMMERS v. MOORE,* 113 N.C., at bottom 403).

"2. A deed absolute upon its face, cannot be corrected so as to convert it into a trust, upon a mere preponderance of evidence or without some facts dehors the deed inconsistent with the idea of absolute ownership, but only upon such proof as is clear, strong and convincing and not by merely a preponderance and weight of the evidence. (*HEMPHILL v. HEMPHILL,* 99 N.C. 436)."

The court in its charge to the jury read to them the first issue, and then charged, "Now, the burden of proving that issues (sic) is on the plaintiff, ladies and gentlemen, by the rule that I have heretofore given you: By the evidence and by its greater weight."

Defendant assigns this part of the charge as error. For the reasons stated above, the assignment of error is good. It was highly prejudicial to defendant, and entitles her to a new trial, because which person paid the purchase price for these lots was the most crucial question in the case, with each party testifying that she paid it.

The record states the judge understood "that the request for instructions was applicable to the second issue." However, there is nothing in the record to indicate that defendant or her counsel caused

the judge to form such an opinion, so as to bring the case within the principle of invited error.

For error in the charge there must be a

New trial.