ELOISE TARKINGTON v. ZEBULON VANCE TARKINGTON

No. 40

(Filed 2 December 1980)

**Trusts § 13.4— down payment for realty furnished by wife — title in husband and wife — presumption of resulting trust for wife**

Where the evidence showed that plaintiff wife provided all of the $19,800 down payment for realty conveyed to plaintiff and her husband as tenants by the entirety, the presumption arose that she did not intend to make a gift to her husband of an entirety interest but that she intended that the husband would hold such an interest in trust for her, and this presumption of a resulting trust was not rebutted by evidence that both parties signed a note and deed of trust for the balance of the purchase price remaining after plaintiff's contribution and that defendant husband made some of the payments on the note between that time and the separation of the parties.

Tarkington v. Tarkington

Justice BROCK took no part in the consideration or decision of this case.

Justice CARLTON concurs in result.

ON plaintiff's petition for discretionary review pursuant to G.S. 7A-31 of a decision of the Court of Appeals (Vaughn, J., concurred in by Hedrick and Clark, J.J.), reported at 45 N.C. App. 476, 263 S.E. 2d 294 (1980), affirming the judgment of *Martin, John C., Judge*, entered at the 26 February Session of Superior Court, ALAMANCE County.

Plaintiff brought this action against her husband seeking conveyance to her of fee simple title to a certain piece of realty held by her and her husband as tenants by the entirety. The parties waived a trial by jury.

At trial, plaintiff argued she was entitled to fee simple ownership of the realty on the theory of a purchase money resulting trust.

After hearing the evidence the trial judge made the following relevant findings of fact:

"5. That plaintiff and defendant were married on November 25, 1973, and lived together as husband and wife until May 5, 1977;

6. That the plaintiff, Eloise Tarkington, was married to Boyd Holt Wright in 1949, and was widowed in 1967, and that plaintiff married the defendant, Zebulon Vance Tarkington, on November 25, 1973;

7. That from the Social Security payments received by the plaintiff by reason of the death of her first husband and from her earnings prior to her marriage to the defendant, the plaintiff accumulated a substantial savings account, having funds in excess of $20,000.00 on or about April 18, 1974;

8. That on April 18, 1974, the plaintiff and defendant purchased a house and lot located at 519 Williamsdale Drive, Graham, North Carolina, receiving title therefor as tenants by the entireties from Equitable Life Assurance Society and that as down payment for the purchase of said property, the plaintiff withdrew the sum of $19,800.00 from her savings account, which was her sole and separate property, and paid that amount directly to

or for the benefit of Equitable Life Assurance Society;

9. That the balance of the purchase price was around $16,500.00, the purchase price being $36,000.00 and was secured from a loan from Graham Savings and Loan Association the loan secured by a note signed by the plaintiff and the defendant and by a deed of trust on said property signed by the plaintiff and the defendant;

10. That the deed from Equitable Life Assurance Society to the plaintiff and defendant as husband and wife was not made at the specific request of the plaintiff or the defendant, but from the evidence offered in court both the plaintiff and the defendant testified that the deed was made to them as husband and wife with the knowledge of both and for the reason that each assumed that the property should be placed in the joint names as tenants by the entireties due to marriage;

11. From the evidence the Court finds that at the time of the transaction plaintiff was under the impression that each of the parties would own an equal interest in the home, and with that impression she voluntarily furnished the money for the down payment of the house, and that the plaintiff testified that she does not contend that the deed to herself and the defendant as tenants by the entireties was as a result of any coercion or dishonesty on the part of the defendant;

12. The Court finds as a fact that there is no clear, strong and convincing evidence that at the time the property was titled in the name of the plaintiff and defendant as tenants by the entireties that there was any intention or agreement on the part of either of the parties that the plaintiff be the equitable owner of said property;

13. That from all the facts and circumstances surrounding the purchase of the property there does not appear to the Court to be sufficient facts based solely upon the marriage relationship to imply in law any intention on the part of the plaintiff or the defendant that the equitable ownership should be other than legal title or that the defendant was not entitled to beneficial interest as well as legal title;

14. That since the date of the purchase of the property, both plaintiff and defendant have made certain payments on account of the note and deed of trust securing the balance of the purchase price on said house. That the plaintiff has made payment for all real estate taxes for the years 1974 through 1978, and had further made payments for all insurance for those years;

15. That on or about May 9, 1977, the plaintiff and defendant were separated, and that plaintiff is now in possession of the premises and further more since that date, she has made all payments on account of the indebtedness existing, taxes and insurance."

Based on the above findings, the trial judge concluded that there was no purchase money resulting trust in favor of the plaintiff; rather, the parties held the property as tenants by the entirety. The Court of Appeals recognized that there was a presumption of a resulting trust in favor of the wife, but further held that defendant had effectively rebutted the presumption. In reaching that result, the Court of Appeals held that the trial court's finding that the defendant made some of the monthly payments due on the note and deed of trust, and that the plaintiff testified that she understood the property would be deeded to both parties precluded a finding of a resulting trust.

*R. Chase Raiford for plaintiff-appellant.*

*William L. Durham for defendant-appellee.*

COPELAND, Justice.

Before this Court, plaintiff argues that the trial court failed to apply properly the presumption, well-established in this State, that when a wife furnishes the consideration for the purchase of property she did not intend to make a gift to her husband of an entirety interest. Instead, the law presumes that she had title conveyed in this form with the intent that the husband hold such an interest in trust for her. *Overby v. Overby,* 272 N.C. 636, 158 S.E. 2d 799 (1968); *Wise v. Raynor,* 200 N.C. 567, 157 S.E. 853 (1931); *Deese v. Deese,* 176 N.C. 527, 97 S.E. 475 (1918).

This presumption is a judicial creation designed in part to ameliorate the harsh effects of the traditional rule that a wife was

subservient to her husband. It is furthermore an extension of the general rule of equity that "[t]he payment of the purchase money raises a resulting trust in favor of him who 'furnishes' or 'pays' or 'owns' the purchase money, unless a contrary intention, or a contrary presumption of law, prevents" such a result. *Tire Co. v. Lester*, 190 N.C. 411, 416, 130 S.E. 45, 48 (1925).

Contrary to this general rule that the payment of purchase money raises a resulting trust in favor of the party who furnishes the money, such a resulting trust does not arise in favor of the husband where the husband provides the consideration. Instead there is the presumption of a gift to the wife of an entirety interest in the property. *Honeycutt v. Bank*, 242 N.C. 734, 89 S.E. 2d 598 (1955). In light of this, and in the context of the present day, some courts have done away with the presumption of a resulting trust for the benefit of the wife. *Peterson v. Massey*, 155 Neb. 829, 53 N.W. 2d 912 (1952); *Emery v. Emery*, 122 Mont. 201, 200 P.2d 251 (1948); *Hogan v. Hogan*, 286 Mass. 524, 190 N.E. 715 (1934); Tiffany, *Law of Real Property* § 272 (1939).

The facts of the case before us offer no compelling reason to change this long-standing presumptive rule, favorable to the wife in this case.

A resulting trust is presumed once the wife proves she provided the consideration for the property held as tenants by the entirety. Furthermore, if a resulting trust is created, it is created at the time of the execution of the deed. *Cline v. Cline*, 297 N.C. 336, 255 S.E. 2d 399 (1979). The record in the instant case shows that the plaintiff did provide all of the monetary consideration given for the interest received in the deed dated 18 April 1974. "The general rule is that the trust is created, if at all, in the same transaction in which the legal title passes, and by virtue of the consideration advanced before or at the time the legal title passes." *Id.*, at 344, 255 S.E. 2d at 405. Therefore, although the evidence also shows that both parties signed a note and deed of trust for the balance of the purchase price remaining after plaintiff's contribution, and that the husband made some of the payments between that time and the separation of the parties in May 1977, those facts do not overcome the presumption of a resulting trust. *Hanley v. Hanley*, 152 N.E. 2d 879 (Ill. 1958).

Applying the applicable law to the case *sub judice*, it is clear that Judge Martin failed to consider the legal presumption, which

our law provides the plaintiff wife, in making his findings of fact numbers 12 and 13:

> "12. The Court finds as a fact that there is no clear, strong and convincing evidence that at the time the property was titled in the name of the plaintiff and defendant as tenants by the entireties that there was any intention or agreement on the part of either of the parties that the plaintiff be the equitable owner of said property;

> 13. That from all the facts and circumstances surrounding the purchase of the property there does not appear to the Court to be sufficient facts based solely upon the marriage relationship to imply in law any intention on the part of the plaintiff or the defendant that the equitable ownership should be other than legal title or that the defendant was not entitled to beneficial interest as well as legal title."

Thus, because the trial court apparently misapprehended the law on the question before it, the case must be returned to Superior Court, Alamance County, for a new trial.

It is possible for the husband, defendant here, to rebut the presumption of a resulting trust in favor of the wife by evidence that a trust was not intended. The burden is on the plaintiff to prove by clear, strong and convincing evidence that she provided the consideration for the purchase. *Vinson v. Smith* 259 N.C. 95, 130 S.E. 2d 45 (1963). A mere preponderance of the evidence is not sufficient. *Hodges v. Hodges*, 256 N.C. 536, 124 S.E.2d 524 (1962); *McWhirter v. McWhirter*, 155 N.C. 145, 71 S.E. 59 (1911). Likewise, the burden on the defendant husband will be to rebut by evidence which is clear, strong and convincing the presumption, which the facts of this case establish, in favor of the plaintiff wife. Accordingly, the case must be remanded for a new trial so that the correct legal rules can be properly applied to the evidence before the trial court.

Thus, there must be a

New trial.

Justice BROCK took no part in the consideration or decision of this case.

Justice CARLTON concurs in the result.