PENNINA PEARL PERRY BEST v. WILLIAM EDWARD PERRY

No. 788SC637

(Filed 1 May 1979)

**Trusts § 16— alleged parol trust on land—no particular allegation of fraud—failure of complaint to state claim**

Where plaintiff and others executed and delivered a warranty deed conveying eight lots in fee simple to defendant but plaintiff contended that the conveyance was subject to a parol trust, the trial court properly found that plaintiff's complaint failed to state a claim upon which relief could be granted, since, in the absence of fraud or other ground for equitable relief, plaintiff could not impose a parol trust on the land for her benefit, and plaintiff's allegations did not state with any particularity any circumstance by which defendant fraudulently caused her to give him a warranty deed to the property in question.

APPEAL by plaintiff from *Allsbrook, Judge.* Judgment entered 9 May 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 30 March 1979.

The plaintiff instituted this action by filing a complaint against the defendant alleging that Anna Edwards Perry died intestate and was survived by four children including the plaintiff and the defendant. At the time of her death, Anna Edwards Perry was the owner of eight lots in Sunset Park Subdivision, Goldsboro, North Carolina. The plaintiff further alleged that shortly after the death of Anna Edwards Perry, "the heirs of Anna Edwards Perry agreed to convey their lands to William Perry as Trustee so that William Perry could borrow sufficient funds against said lands with which to purchase a steel vault in which to bury the said Anna Edwards Perry." Pursuant to their agreement, they executed and delivered a warranty deed to the

defendant, a copy of which was made a part of the record on appeal. The plaintiff alleged that, at the time the warranty deed was executed, all parties understood that the property would be held in trust even though the deed was, on its face, a conveyance in fee simple. The defendant then obtained a loan of $1,600 which was secured by a deed of trust to the eight lots.

The defendant later sold four of the lots, paid off the debt of $1,600 and retained the balance of $1,400. At no time did he distribute any portion of the proceeds to anyone else. Additionally, he remained in possession of the remaining four lots and refused to convey them to the plaintiff.

The plaintiff also alleged that she had performed valuable services for her mother prior to her mother's death. The plaintiff alleged that she had not been paid for performing those services for her mother, and that they were of a value of $950.

The defendant answered and admitted that the heirs of Anna Edwards Perry had conveyed the eight lots in question to him. He denied that there was ever any trust agreement, however, and alleged that the conveyance to him was made in consideration of his promise to pay all of his mother's funeral expenses. The defendant additionally alleged that the four lots remaining in his possession had been owned by Anna Edwards Perry and her husband Charlie Perry as tenants by the entirety and passed upon her death to Charlie Perry as the survivor. For that reason, the defendant contended that the plaintiff had no interest in those lots. The defendant filed two affidavits in support of his allegations.

The defendant moved for judgment on the pleadings. After a hearing, the trial court found that the plaintiff's complaint failed to state a claim upon which relief could be granted. Upon that finding, the trial court granted the defendant's motion for judgment on the pleadings. The plaintiff appealed.

*Duke and Brown, by John E. Duke, for plaintiff appellant.*

*Merritt and Gaylor, by Cecil P. Merritt, for defendant appellee.*

MITCHELL, Judge.

The plaintiff's sole contention on appeal is that the trial court erred in granting the defendant's motion for judgment on the pleadings. When matters not contained in the pleadings are presented to and not excluded by the trial court, a motion for judgment on the pleadings must be treated as a motion for summary judgment. G.S. 1A-1, Rule 12(c). The record before us indicates that affidavits were filed by the defendant with the trial court. The defendant's motion for judgment on the pleadings indicates that it is based "upon the pleadings and papers of record in the court file." The trial court's judgment indicates that it is based "Upon consideration of the pleadings, the arguments and other presentations by counsel." Additionally, the record before us does not at any point tend to indicate that the trial court excluded any matter or thing presented. As the record before us indicates that matters outside the pleadings were presented but does not indicate that such matters were excluded by the trial court, we must view the defendant's motion for judgment on the pleadings as though it had been a motion for summary judgment and determine whether judgment was correctly entered in accordance with the rules governing summary judgment.

The defendant's motion for summary judgment was properly granted in this case if the pleadings and affidavits presented to the trial court show that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56; *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). The pleadings and affidavits in the present case reveal that the plaintiff and others executed and delivered a warranty deed conveying eight lots in fee simple to the defendant. The defendant does not deny such facts and they are not in dispute. However, the plaintiff alleges and the defendant denies that the conveyance was subject to a parol trust.

A defending party may show as a matter of law that he is entitled to summary judgment in his favor by showing that there is no genuine issue of material fact concerning an essential element of the claimant's claim for relief and that the claimant cannot prove the existence of that element. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Bank v. Evans*, 296 N.C. 374, 250 S.E. 2d 231 (1979); *Zimmerman v. Hogg & Allen*, 286

N.C. 24, 209 S.E. 2d 795 (1974). Where, as here, the defendant presents a forecast of evidence tending to show that the claimant is unable to prove the existence of an element essential to his claim, the defending party is entitled to judgment as a matter of law.

Until the defending party has forecast evidence tending to establish his right to judgment as a matter of law, the claimant is not required to present any evidence to support his claim for relief. However, once the defending party forecasts evidence which will be available to him at trial and which tends to establish his right to judgment as a matter of law, the claimant must present a forecast of the evidence which will be available for presentation at trial and which will tend to support his claim for relief. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); 2 McIntosh, N.C. Practice and Procedure § 1660.5 (2d ed. Phillips Supp. 1970). If the claimant does not respond at that time with a forecast of evidence which will be available at trial to show that the defending party is not entitled to judgment as a matter of law, summary judgment should be entered in favor of the defending party.

A party may show that there is no genuine issue as to any material facts by showing that no facts are in dispute. In the present case, however, the plaintiff alleges and the defendant denies that the conveyance was subject to a parol trust. Thus, an issue is presented with regard to a fact.

Even where, as here, an issue of fact arises, a party may show that it is not a genuine issue as to a material fact by showing that the party with the burden of proof in the action will not be able to present substantial evidence which would allow that issue to be resolved in his favor. *See Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Therefore, the issue in the present case of whether the conveyance by the plaintiff and others to the defendant was subject to a parol trust is not a genuine issue as to a material fact if it can be shown that the plaintiff cannot present a forecast of substantial evidence which will be available to her at trial and which would allow that issue to be resolved in her favor. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979).

It is well-established that "In the absence of fraud or other ground for equitable relief, a grantor may not impose a parol trust for his benefit on land which he conveys by deed purporting to vest title in the grantee. *Willetts v. Willetts*, 254 N.C. 136, 118 S.E. 2d 548; *Schmidt v. Bryant*, 251 N.C. 838, 112 S.E. 2d 262; *Gaylord v. Gaylord*, 150 N.C. 222, 63 S.E. 1028." *Hodges v. Hodges*, 256 N.C. 536, 539, 124 S.E. 2d 524, 526 (1962). This result is necessitated not by the statute of frauds but by the parol evidence rule. *Gaylord v. Gaylord*, 150 N.C. 222, 63 S.E. 1028 (1909). The admission of parol evidence to establish the existence of a parol trust would contradict the terms of the plaintiff's warranty deed and directly violate the parol evidence rule. Therefore, in the absence of fraud or some other ground for equitable relief, the plaintiff in the present case will not be able to present evidence at trial to support the existence of a parol trust in her favor.

In her complaint, the plaintiff alleged "That the conduct of the defendant has been wilful, malicious, and in breach of faith, and in bad faith, and done with the intent to cheat, defraud, and deprive the plaintiff of her entitlement to lands and moneys from said lands which belonged to her deceased mother." Nevertheless, it is required that, "In all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." G.S. 1A-1, Rule 9(b). The plaintiff's allegations do not state with particularity any circumstance by which the defendant fraudulently caused the plaintiff to give him a warranty deed to the property in question. Therefore, the pleadings were insufficient to present a genuine issue as to whether the plaintiff's warranty deed was obtained by fraud.

The plaintiff additionally alleged that she had not recovered for valuable services she had rendered to her mother. The plaintiff has not alleged facts which would support a recovery of the value of those services from the defendant. As she has failed to allege any facts which, if true, would require the trial court to find that the defendant was personally indebted to her for the services she had rendered to her mother, the pleadings do not present a valid claim with regard to any such services.

As the pleadings and affidavits in the present case reveal that there is no genuine issue as to any material fact and that the

defendant is entitled to judgment as a matter of law, the trial court properly allowed the defendant's motion for judgment in his favor. The judgment of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.