EDWARD RAMSEY v. FRANK RUDD and CONE MILLS CORPORATION

No. 8018SC384

(Filed 2 December 1980)

Contracts § 34— malicious interference with employment contract — no forecast of legal malice — summary judgment proper

In an action against the individual defendant for malicious interference with plaintiff's contract with his employer, summary judgment was properly entered for defendant where the evidence at the hearing on the motion tended to show that plaintiff wrote a letter to his employer stating that some unnamed person in the Greensboro facility was committing flagrant violations of company policy; as a result of plaintiff's letter, the employer investigated activities of defendant, who was plaintiff's supervisor; most of the allegations were unsubstantiated and defendant was retained by the company; defendant was directed to stop letting plaintiff and other truck drivers leave early on their trips; defendant reported to his supervisors when plaintiff left early on a trip; plaintiff was discharged from his employment when he returned from the trip; the decision to

Ramsey v. Rudd

discharge was made jointly by several of defendant's superiors; and plaintiff did not forecast evidence of legal malice which would rebut defendant's forecast of justification.

APPEAL by plaintiff from *Albright, Judge.* Judgments entered 11 September 1979, as to defendant Cone Mills, and 2 October 1979 as to defendant Frank Rudd. Heard in the Court of Appeals 14 October 1980.

Plaintiff, Edward Ramsey, worked for defendant Cone Mills for approximately 29 years, during the last 16 of which he was a long-haul truck driver.

In April 1977, he sent a letter to the president of Cone Mills alleging that some unnamed person in the Greensboro facility was committing flagrant violations of company policy. As a result of plaintiff's letter, Cone Mills investigated certain activities of defendant Frank Rudd, an employee of the defendant corporation and Ramsey's supervisor. The investigation revealed that most of the allegations were unsubstantiated, and Rudd was retained by the defendant corporation and allowed to remain in his supervisory position. Sometime thereafter Rudd was directed to stop letting plaintiff and other drivers leave early on their trips.

On 21 November 1977, plaintiff Ramsey was scheduled to drive to Athens, Georgia. He left Greensboro eight hours earlier than necessary to make his delivery to Athens. Upon returning to Greensboro his employment was terminated for violation of a company policy prohibiting truck drivers from leaving early on long hauls.

Plaintiff instituted suit against Cone Mills for breach of his contract of employment and against Frank Rudd for malicious interference with that contract. Both defendants moved for summary judgments.

Plaintiff's depositions and affidavits tend to show that there was no such policy prohibiting drivers from leaving early and that, in fact, the drivers could leave at any time after their trucks were loaded; that Frank Rudd reported plaintiff's early departure on 21 November 1977 solely in retaliation for plaintiff's letter and accusations in April 1977 which had led to the investigation of Rudd for violations of company policy; that plaintiff had been given permission to leave early on 21 November 1977; and that Rudd had been

looking for an excuse to fire plaintiff ever since he turned Rudd in for alleged misconduct.

Defendant Cone's depositions and affidavits, along with those of defendant Rudd, tend to show that defendant Rudd had been ordered by his supervisor to enforce the policy against letting drivers leave early; that Rudd had specifically been told to cease letting Ramsey leave early on his trips; that Rudd had reported plaintiff's early departure on 21 November 1977 to his immediate supervisor; and that the decision to discharge plaintiff was made by several of defendant Rudd's supervisors and not by Rudd himself.

Plaintiff appeals the trial court's entry of summary judgment in favor of both defendants.

*Pfefferkorn & Cooley by J. Wilson Parker for plaintiff appellant.*

*Cooke & Cooke by William Owen Cooke for defendant appellee, Frank Rudd.*

*Smith, Moore, Smith, Schell & Hunter by Stephen P. Millikin for defendant appellee, Cone Mills Corporation.*

CLARK, Judge.

The record indicates that the motion of Cone Mills for summary judgment was granted in a judgment entered 11 September 1979. On 27 September 1979, at the conclusion of the hearing on the motion of defendant Frank Rudd for summary judgment, the plaintiff first gave oral notice of appeal from the 11 September judgment. We, therefore, dismiss plaintiff's appeal of the 11 September judgment for failure to comply with Rule 3(c), N.C. Rules App. P. and G.S. 1-279, both of which require that an appeal be taken within 10 days after entry of the judgment. *Brooks v. Matthews*, 29 N.C. App. 614, 225 S.E. 2d 159 (1976).

Defendant Rudd was entitled to summary judgment if there was no genuine issue of material fact concerning an esential element of the plaintiff's claim. *Best v. Perry*, 41 N.C. App. 107, 254 S.E. 2d 281 (1979). One essential element of the tort of malicious interference with contract rights is that defendant must have acted without justification. *Childress v. Abeles*, 240 N.C. 667, 84 S.E. 2d 176 (1954).

The defendant's forecast of evidence available to him at trial indicated that he reported plaintiff's early departure after being ordered by his superior to cease letting Ramsey leave early. It was his duty to tell his supervisors when Ramsey later did that very thing. We believe no reasonable juror could find defendant unjustified in making to his superior the factually true report that Ramsey left early.

The defendant's forecast of evidence tended to show that the decision to discharge plaintiff from employment was jointly made by several of defendant Rudd's superiors on the sole basis of plaintiff's early departure on 21 November 1977. Whether or not this decision was fair, it is clear that, even taking the evidence in the light most favorable to plaintiff, the defendant Rudd had no greater hand in the decision than merely to pass along the information that was considered.

> "[O]nce the defending party forecasts evidence which . . . tends to establish his right to judgment as a matter of law, the claimant must present a forecast of the evidence . . . to support his claim for relief."

*Best v. Perry*, 41 N.C. App. at 110, 254 S.E. 2d at 284.

Plaintiff, in his deposition, first stated that there was no malice on the part of anyone, but later changed his answer to state that Rudd had actual malice and ill will toward him. While it is true that a forecast of *legal malice* would rebut defendant's forecast of justification sufficiently to take the issue to trial, *Childress v. Abeles*, 240 N.C. at 674-75, 84 S.E. 2d at 182, plaintiff forecasts no evidence of such legal malice, apparently believing that this Court should be as persuaded by one kind of malice as another. Such is not the case. We believe the actual malice of defendant is irrelevant in light of the fact that he did no more than he was required to do by his employer. "An act which is lawful in itself and which violates no right cannot be made actionable because of the motive which induced it." *Elvington v. Waccamaw Shingle Co.*, 191 N.C. 515, 517, 132 S.E. 274, 275 (1926).

Summary judgment is proper when there is no genuine issue of material fact. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Here there is evidence that defendant Rudd was justified in his actions because there was sufficient lawful

reason for his conduct, *i.e.*, he was merely doing what he had been ordered by his employer to do. No evidence has been forecast to show the defendant Rudd's lack of justification. A jury which found for plaintiff on all other elements of malicious interference with plaintiff's contract, would still not be justified in returning a verdict for plaintiff unless they also found that defendant acted without justification when he reported plaintiff's early departure. We hold that if all the evidence forecast in the affidavits and depositions of both parties were presented at trial, reasonable jurors could not differ on the issue of justification. Summary judgment for defendant was therefore proper.

The plaintiff's appeal is dismissed as to defendant Cone Mills, and summary judgment against plaintiff in favor of defendant Rudd is affirmed.

Dismissed in part; affirmed in part.

Judges WEBB and WHICHARD concur.