JACQUELINE B. SIMMONS v. QUICK STOP FOOD MART, INC.

No. 8112DC438

(Filed 16 February 1982)

**Partnership § 2— conveyance of property to partnership—partner's conveyance of interest in the property—legal title still in partnership**

Where real property was conveyed to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership" by a deed which referred in the granting clause and habendum to the grantee as the "party of the second part, its successors, heirs and assigns"; a lease was executed by "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership" to defendant; the partnership was thereafter dissolved and "Johnny L. Wood and wife" conveyed "all of their one-half undivided interest" in the property to "Oscar Harold Simmons and wife"; and pursuant to a separation agreement, Oscar Harold Simmons conveyed the property to his wife, the plaintiff in this action, it *was held* that (1) the conveyance to "Johnny L. Wood and Oscar Simmons d/b/a Wood and Simmons, Investments, a partnership" vested title in the partnership rather than in the partners as individuals, (2) legal title to the property remains in the partnership since the property was not conveyed in the partnership name, (3) the lease to defendant continues as a partnership affair even though the partnership has been dissolved, and (4) plaintiff wife has no standing to pursue summary ejectment proceedings as legal owner of the property and defendant's landlord.

APPEAL by plaintiff from *Cherry, Judge.* Order entered 23 February 1981 in District Court, CUMBERLAND County. Heard in the Court of Appeals 10 December 1981.

This is a summary ejectment proceeding brought on 2 December 1980 by the alleged owner of certain property against her alleged tenant. Three days later, the action was removed from the magistrate to the district court upon defendant's denial of plaintiff's title to the property. Plaintiff and defendant each moved for summary judgment; defendant's motion was granted. Plaintiff appeals from this order.

*J. Gates Harris and Thomas H. Finch, Jr. for plaintiff-appellant.*

*Ervin I. Baer for defendant-appellee.*

HILL, Judge.

On 21 May 1970 Johnny L. Wood [hereinafter referred to as Wood] and Oscar Harold Simmons [hereinafter referred to as Simmons] executed a partnership agreement creating Wood and Simmons Investments [hereinafter referred to as the partnership]. This agreement was never recorded, nor was the partnership name registered. On the same day, Wood conveyed to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership" two tracts of land along North Carolina Highway 87 in Cumberland County, on which was situated a store building. On 28 May, a lease was executed by "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership," to defendant. The lease, signed by Wood and Simmons individually, was for a term of ten years with two five-year options to renew.

On 30 June 1976, Wood and Simmons dissolved the partnership and "Johnny L. Wood and wife, Zula Wood," conveyed "all of their one-half undivided interest" in the property to "Oscar Harold Simmons and wife, Jacqueline B. Simmons." The deed was recorded 16 July 1976.

Simmons and his wife, plaintiff herein, executed a separation agreement on 5 November 1979 which provided that he convey to her the property in exchange for other tracts of land. The deed of conveyance between "Oscar Harold Simmons," grantor, and "Jac-

queline B. Simmons," grantee, was recorded 5 November 1979. The following day, 6 November 1979, plaintiff notified defendant that it must vacate the store building. Defendant refused to vacate the building. Defendant recorded its lease 26 November 1980.

Defendant is entitled to summary judgment "if there was no genuine issue of material fact concerning an esential [sic] element of the plaintiff's claim." *Ramsey v. Rudd,* 49 N.C. App. 670, 672, 272 S.E. 2d 162, 163 (1980), *disc. rev. denied,* 302 N.C. 220, 276 S.E. 2d 917 (1981). *Accord, Best v. Perry,* 41 N.C. App. 107, 254 S. E. 2d 281 (1979). Plaintiff's title to the property is an essential element in an ejectment proceeding. *Hayes v. Ricard,* 245 N.C. 687, 97 S.E. 2d 105 (1957).

Plaintiff's sole contention on appeal is that the deeds of 16 July 1976 and 5 November 1979 convey legal title to her and thereby "confers a superior right to the prior lease." Defendant argues that title remains with the partnership, which still is its landlord, since the partnership never conveyed "out" its interest in the property. Thus, the question is whether the 21 May 1970 conveyance "in" to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership" vested title in the partnership or in the partners as individuals.

"All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property." G.S. 59-38(a). Partners' interests in partnership property has been described as a "tenancy in partnership." *Ewing v. Caldwell,* 243 N.C. 18, 23, 89 S.E. 2d 774, 777 (1955). When title to the property is *in the partnership name,* it may be conveyed "out" by any partner *in the partnership name.* G.S. 59-40(a). In such cases, however, when the partner conveys partnership property "out" *in his own name,* he merely "passes the equitable interest of the partnership. . .." G.S. 59-40(b).

In deciding whether the 21 May 1970 deed is *in the partnership name,* we must look to the 'four corners" of the document. *Rouse v. Strickland,* 260 N.C. 491, 133 S.E. 2d 151 (1963); *Hardy v. Edwards,* 22 N.C. App. 276, 206 S.E. 2d 316, *cert. denied,* 285 N.C. 659, 207 S.E. 2d 753 (1974). Thus, the grantor's intended grantee

may be ascertained by reviewing the granting clause, which provided,

> [t]hat said parties of the first part, in consideration of other good and valuable consideration and the sum of Ten—Dollars to them paid by *party* of the second part the receipt of which is hereby acknowledged have bargained and sold, and by these presents do grant, bargain, sell and convey to said party of the second part, its successors, heirs and assigns, a certain tract or parcel of land. . ..

(Emphasis added.) Further, the habendum clause provided, "To HAVE AND TO HOLD the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said *party* of the second part, *its* successors, heirs and assigns, to *its* only use and behoof forever." (Emphasis added.)

The emphasized language of the deed quoted above indicates that the grantor intended the partnership entity to be the grantee rather than the partners as individuals. Under G.S. 59-40(a), then, the conveyance "out" must be *in the partnership name.* However, the deed recorded on 16 July 1976 was executed by "Johnny L. Wood and wife, Zula Wood," *individually,* rather than in the partnership name. At most, this deed conveyed "out" the "equitable interest of the partnership." G.S. 59-40(b). The deed of 5 November 1979 has the same effect under G.S. 59-40(b) since the named grantor is "Oscar Harold Simmons." Legal title therefore remains in the partnership despite the deeds through which plaintiff claims title.

Plaintiff argues, however, that if title is in the partnership name, she has acquired legal title by the deeds of 16 July 1976 and 5 November 1979 since the partnership was dissolved on 30 June 1976. We do not agree.

"On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." G.S. 59-60. Since legal title to the property remains in the partnership, the lease under which defendant is named tenant continues as a partnership affair. The partnership affairs thereby are incomplete, and the partnership, though dissolved, has not yet "terminated."

For these reasons, we conclude that plaintiff has no legal title to the property and no standing to pursue summary ejectment proceedings as owner of the property and defendant's landlord. Defendant's motion for summary judgment therefore was properly granted.

Affirmed.

Judges VAUGHN and WEBB concur.