REBECCA WATTS, DORA COOK, AUGUSTA HUFFMAN, MARIE JACKSON, FLOY PROPST, ROGER REEVES AND WIFE, KATHY REEVES, RUTH TEAGUE, PAUL TABOR, STEVE YOUNG AND WIFE, SHEILA YOUNG v. TOWN OF VALDESE AND BROWN-LOVING CO.

No. 8225SC1332

(Filed 3 January 1984)

**Municipal Corporations § 22.3— sale of town property—authorization by statute**

  An action by town residents to enjoin completion of a sale of town property under a 5 May 1981 option to purchase was rendered moot when the defendant purchaser cancelled the contract. Furthermore, the town was authorized by G.S. 160-265, which became effective 18 June 1982, to approve a second option to purchase the property on 26 August 1982.

APPEAL by plaintiffs from *Griffin, Judge.* Order entered 31 August 1982 in Superior Court, BURKE County. Heard in the Court of Appeals 28 November 1983.

*McMurray & McMurray, by John H. McMurray and Martha McMurray, for plaintiff appellants.*

*Mitchell, Teele, Blackwell, Mitchell and Smith, by H. Dockery Teele, Jr., for defendant appellee Town of Valdese.*

WHICHARD, Judge.

On 5 May 1981 defendant Town entered an option contract with defendant Brown-Loving Co. for sale of the Town's Crow Hill Park property. Plaintiffs, residents of defendant Town, brought this action seeking to enjoin completion of this sale, and also seeking permanently to enjoin any sale of this property. They appeal from entry of summary judgment for defendant Town dismissing the action.

Defendant Town's forecast of evidence in support of its motion for summary judgment established that defendant Brown-Loving Co. cancelled the 5 May 1981 contract. Plaintiffs did not respond with a forecast of evidence contra. *See Best v. Perry*, 41 N.C. App. 107, 109-10, 254 S.E. 2d 281, 283 (1979). The uncontroverted forecast of evidence thus established the absence of any remaining controversy as to that contract, rendering the action, in that regard, moot. "Whenever, during the course of litigation it develops that . . . the questions originally in controversy between the parties are no longer at issue, the case should be dismissed . . . ." *In re Peoples*, 296 N.C. 109, 147, 250 S.E. 2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L.Ed. 2d 297, 99 S.Ct. 2859 (1979). It was thus proper, insofar as the action related to the 5 May 1981 contract, to enter summary judgment dismissing it. *Best, supra.*

On 26 August 1982 defendant Town approved a request from defendant Brown-Loving Co. for the grant of a second option to purchase the Crow Hill Park property. Since plaintiffs seek permanently to enjoin sale of this property, the grant of this option is within the ambit of this action.

G.S. 160A-265 provides:

"In the discretion of the council, a city may: . . . sell or dispose of real and personal property, without regard to the method or purpose of its acquisition or to its intended or actual governmental or other prior use." This statute became effective 18 June 1982. Act of June 18, 1982, ch. 1236, 1981 N.C. Sess. Laws 125. It thus governed the 26 August 1982 action of defendant Town, and as a matter of law defendant Town had authority to approve the second option. There thus was no legal basis for permanently enjoining the proposed sale; and it was proper, insofar

---

---

as the action related to the second option, to enter summary judgment *dismissing it.*

Affirmed.

Judges HILL and BECTON concur.