MARVIN O. HILL v. THE CITY OF KINSTON AND ROSS HAIGLER, CHIEF OF POLICE OF THE CITY OF KINSTON

No. 888SC414

(Filed 20 December 1988)

**Trespass § 2— dismissal of police officer—action for intentional infliction of emotional distress—summary judgment for defendants proper**

> The trial court properly granted defendants' motion for summary judgment on a complaint for intentional infliction of emotional distress where plaintiff was arrested and indicted for possessing and receiving stolen goods; plaintiff was suspended without pay; the charges against him were subsequently dismissed; a Board of Inquiry investigated plaintiff's conduct and recommended dismissal; and that recommendation was upheld by the city manager and the Personnel Board of the City Council. The process of plaintiff's dismissal was carried out in a responsible manner and the forecast of evidence shows no extreme or outrageous conduct.

APPEAL by plaintiff from *Small, Herbert, Judge.* Order entered 9 December 1987 in LENOIR County Superior Court. Heard in the Court of Appeals 26 October 1988.

Plaintiff, a lieutenant in the Kinston Police Department, was dismissed from his position following a Board of Inquiry hearing regarding his indictment for possessing and receiving stolen goods. Plaintiff learned of a robbery on 19 November 1988 at the

Big Blue Store, in which sixteen kerosene heaters were stolen. The following day plaintiff visited Oscar Rouse, a police informant with a criminal record, and asked for help with his private business. Rouse asked plaintiff if he were interested in purchasing a kerosene heater for forty dollars. Plaintiff eventually purchased two heaters and one gas grill, asking Rouse whether the heaters were his but not inquiring from where he had obtained them. (Tp. 38.)

Rouse was subsequently arrested, and Police Chief Haigler suspended plaintiff from his job without pay pending an investigation into the matter. Although plaintiff was indicted for receiving stolen property, these charges were later dismissed by the State. Upon the Board of Inquiry's recommendation that plaintiff be dismissed, Haigler dismissed him by letter of 22 May 1985. Plaintiff's appeal to the city manager was unsuccessful. Plaintiff then appealed to the personnel board, which upheld his dismissal. Plaintiff alleges that Haigler prepared the disposition of appeal prior to the committee entering its decision.

Plaintiff filed a complaint against the City of Kinston and Haigler alleging that he had been wrongfully terminated and had suffered intentionally inflicted mental distress. The trial court granted defendants' motion for summary judgment, and plaintiff appealed.

*Whitley, Coley and Wooten, by Eugene Griffin Jenkins, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by M. Ann Anderson, C. Daniel Barrett and Richard L. Rainey, for defendant-appellees.*

WELLS, Judge.

Plaintiff contends that the trial court erred in granting defendants' motion for summary judgment on the intentional infliction of mental distress claim. He argues that his forecast of evidence was sufficient to raise a triable issue of fact regarding the elements of the tort of intentional infliction of mental distress, which are: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another," *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). A defendant is entitled to summary judgment if he

Hill v. City of Kinston

shows that the plaintiff cannot prove one or more essential elements of his claim. *Id.* (*citing Best v. Perry*, 41 N.C. App. 107, 254 S.E. 2d 281 (1979) ).

In *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E. 2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 140 (1986), this Court reversed the entry of summary judgment against an employee plaintiff, holding that her allegations of workplace harassment showed extreme and outrageous conduct sufficient to withstand the defendant's motion. Her forecast of evidence tended to show that another employee made numerous sexual advances toward her, and upon being refused screamed profanities at her and threatened her with bodily injury. "No person," we stated in that case, "should have to be subjected to [such conduct] without being afforded remedial recourse through our legal system." *Id.*

In the same opinion, however, we affirmed the entry of summary judgment against two other plaintiffs, holding that the defendants' conduct toward them was not extreme and outrageous. One plaintiff had been shouted at and the defendant's employee had called her names and interfered with the performance of her job, but this pugnacious conduct alone did not " 'exceed all bounds usually tolerated by a decent society.' " *Id.*, *quoting Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Similarly, the third plaintiff's allegations that she had been denied a pregnancy leave of absence, directed to carry heavy objects, cursed at, and fired after leaving work to go to the hospital were insufficient to withstand the employer's motion for summary judgment.

In the case now before us, plaintiff appears to emphasize that since the criminal charges against him were ultimately dismissed, the failure of defendants to reinstate him makes them answerable for intentional infliction of mental distress. The forecast of evidence shows, however, that the process of plaintiff's dismissal was carried out in a responsible manner. Following his suspension plaintiff's actions and conduct were investigated and heard by a duly constituted Board of Inquiry, which recommended his dismissal. Acting upon that recommendation, defendant Haigler then notified plaintiff of his dismissal. Plaintiff then appealed to the city manager, who upheld Haigler's decision. Plaintiff then appealed to the Personnel Board of the City Council, which upheld his dismissal.

While we can understand and sympathize with plaintiff's anguish and distress at having his career as a police officer terminated under these circumstances, the forecast of evidence shows no extreme or outrageous conduct on the part of defendants, an essential element of the tort of intentional infliction of mental distress, *Dickens v. Puryear, supra.* The entry of summary judgment on plaintiff's claim of intentional infliction of mental distress must be affirmed.

In his brief, plaintiff has not challenged the dismissal of his claim for wrongful discharge, and we therefore affirm that aspect of the trial court's judgment.

Affirmed.

Judges ARNOLD and COZORT concur.