L. J. BEST FURNITURE DISTRIBUTORS, INC., Plaintiff v. CAPITAL DELIVERY SERVICE, INC. & DUNCAN TRANSPORTATION INC., Defendants

No. 9118DC1055

(Filed 3 August 1993)

**Corporations § 208 (NCI4th)— breach of contract and bailment duties—one corporation as continuation of another—genuine issues of material fact—summary judgment improper**

In an action to recover for damages to goods during delivery based on breach of contract, breach of bailment duties, and negligence, the trial court erred in granting plaintiff customer's motion for summary judgment where there were genuine issues of material fact as to whether an existing corporation purchased defendant carrier for grossly inadequate consideration, whether the carrier fraudulently conveyed its assets to the existing corporation, and whether, depending on the determination of these issues, the existing corporation's actions constituted an unfair and deceptive trade practice.

**Am Jur 2d, Corporations § 2712; Fraudulent Conveyances § 65.**

Appeal by defendant Duncan Transportation, Inc. from order entered 31 July 1991 by Judge Donald L. Boone in Guilford County Superior Court. Heard in the Court of Appeals 18 November 1992.

On 30 May 1989, plaintiff filed a complaint against Capital Delivery Service ("Capital") and Jerry Duncan and Joe Peace, Jr., individually and as general partners of Capital, alleging that Capital damaged furniture it undertook to deliver for plaintiff, a furniture retailer. In its complaint, plaintiff alleged breach of contract, breach of bailment duties, and negligence and sought $1,986.00 in damages. Subsequently, plaintiff voluntarily dismissed its complaint against Jerry Duncan and Joe Peace, Jr. and moved to amend its complaint to add defendant Duncan Transportation, Inc. ("Duncan, Inc."). On 21 December 1989, the trial court filed an order granting plaintiff's motion to amend its complaint.

On 11 January 1990, plaintiff filed its amended complaint alleging that Capital, its officers, directors, and agents fraudulently conveyed its assets to Duncan, Inc. with the intention of avoiding

Capital's financial obligations by leaving Capital to exist as a valueless corporation while they continued to conduct Capital's business under the name of Duncan Transportation, Inc. Based on these allegations, plaintiff sought to recover damages from Duncan, Inc., including treble damages based on an unfair and deceptive trade practice claim. On 2 February 1990, Duncan, Inc. filed its answer denying these allegations and asking the trial court to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6).

In June 1991, plaintiff and defendant Duncan, Inc. each filed a motion for summary judgment. On 31 July 1991, Judge Donald L. Boone signed an order entering default judgment against defendant Capital, denying defendant Duncan, Inc.'s motion for summary judgment, granting plaintiff's motion for summary judgment against Duncan, Inc. and ordering Duncan, Inc. to pay plaintiff $1,986.00 plus interest. From this order, defendant Duncan, Inc. appeals.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Daniel M. Sroka, for plaintiff-appellee.*

*Scott, Hill, Hovis & Lutz, by Frederick S. Lutz, for defendant-appellant.*

ORR, Judge.

The undisputed facts show that in 1982 or 1983, Jerry Duncan and Joe Peace, Jr. formed Capital Delivery Service, Inc., a trucking company, in which Joe Peace, Jr. and Jerry Duncan were the only officers and the only shareholders, each owning fifty percent of Capital's stock. Jerry Duncan's wife, Jo Anne Duncan, leased trucks to Capital which she had owned prior to Capital's creation. Additionally, Jo Anne Duncan worked for Capital as an office manager, buying supplies and keeping the road tax paid. Jo Anne and Jerry Duncan's son, Edgar Duncan, and nephew, Ken Underwood, also worked for Capital as a warehouse manager and a general manager.

In July or August, 1988, Capital ceased to operate because it ran out of money. On 15 September 1988, Jo Anne Duncan filed Articles of Incorporation for Duncan Transportation, Inc., as a trucking company, and Jo Anne Duncan, Ken Underwood, and Edgar Duncan each became one-third shareholders in the new corporation. Additionally, Jo Anne Duncan became the secretary and treasurer; Ken Underwood became the president, and Edgar Duncan became

the vice president of Duncan, Inc. Duncan, Inc. then leased the same trucks from Jo Anne Duncan as Capital had leased.

The present action involves damages arising out of a contract for delivery between plaintiff and Capital before Capital ceased to operate. Plaintiff alleges that before it could recover damages from Capital, Capital transferred all of its assets to Duncan, Inc. for little or no consideration, that Duncan, Inc. is in effect a continuation of Capital and that Capital is, therefore, liable for this action. Both Duncan, Inc. and plaintiff filed motions for summary judgment in this action, alleging that no genuine issue of material fact exists, and the trial court granted plaintiff's motion and denied Duncan Inc.'s motion. The issue now on appeal is whether the trial court erred in granting plaintiff's motion for summary judgment against Duncan, Inc. and in denying Duncan Inc.'s motion for summary judgment.

Summary judgment is the device whereby judgment is rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c).

> "The determination of what constitutes a 'genuine issue as to any material fact' is often difficult. It has been said that an issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. A question of fact which is immaterial does not preclude summary judgment. It has been said that a genuine issue is one which can be maintained by substantial evidence. Where the pleadings or proof of either party disclose that no cause of action or defense exists, a summary judgment may be granted . . . . If there is any question as to the credibility of witnesses or the weight of evidence, a summary judgment should be denied. . . ."

*Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534-35, 180 S.E.2d 823, 830 (1971).

Additionally, "[a] party may show that there is no genuine issue as to any material facts by showing that no facts are in

dispute." *Best v. Perry*, 41 N.C. App. 107, 110, 254 S.E.2d 281, 284 (1979). However, "if different material conclusions can be drawn from the evidence, summary judgment should be denied even though the evidence is uncontradicted." *Durham v. Vine*, 40 N.C. App. 564, 569, 253 S.E.2d 316, 320 (1979). "In ruling on a motion for summary judgment the evidence is viewed in the light most favorable to the non-moving party." *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986).

In the present case, the trial court stated in its order that it is undisputed that substantially all of the assets of Capital Delivery, including intangible assets, were purchased by Duncan Transportation for grossly inadequate consideration and that Capital Delivery has no remaining assets. Additionally, the trial court stated that it is also undisputed that the most substantial asset of Capital which is now an asset of Duncan, Inc. is the right to lease certain tractor trailer trucks from Jo Anne Duncan.

In North Carolina, "[a] corporation which purchases all, or substantially all, of the assets of another corporation is generally not liable for the old corporation's debts or liabilities." *Budd Tire Corp. v. Pierce Tire Co.*, 90 N.C. App. 684, 687, 370 S.E.2d 267, 269 (1988). The purchasing corporation may become liable, however, for the old corporation's debts where the transfer of assets was done for the purpose of defrauding the corporation's creditors or where the purchasing corporation is a "mere continuation" of the selling corporation in that the purchasing corporation has some of the same shareholders, directors, and officers. *Id.* In determining whether the purchasing corporation is a "mere continuation" of the old corporation, factors such as inadequate consideration for the purchase, or a lack of some of the elements of a good faith purchaser for value may be considered. *Id.*

Thus, if Duncan, Inc. is a "mere continuation" of Capital or if Duncan, Inc. purchased Capital's assets in order to defraud Capital's creditors then, it would be liable for Capital's debt to plaintiff. In order for Duncan, Inc. to fit into one of these exceptions for successor corporate liability, the evidence must show that Duncan, Inc. was the "purchaser" of Capital. Even if there was no evidence of a formal purchase of Capital, the evidence must show Duncan, Inc. has acquired Capital's assets without sufficient consideration and is thus a mere continuation of Capital. Because this fact is determinative of Duncan, Inc.'s liability, it is material to this action.

*See, Kessing, supra.* Further, if the fact that Duncan, Inc. purchased Capital or was merely a continuation of Capital is also genuinely disputed, then summary judgment is not appropriate for either party in this case.

On appeal, Duncan, Inc. argues that insufficient evidence exists to support the fact that Duncan, Inc. purchased Capital. In support of this argument, Duncan, Inc. contends that no evidence exists to show that Duncan, Inc. received Capital's leasehold rights to Jo Anne Duncan's trucks or that this asset was the most valuable one to both Capital and Duncan, Inc. Further, Duncan, Inc. argues that the trial court ignored the evidence that Capital leased trucks from another individual, from whom Duncan, Inc. does not lease trucks. Duncan, Inc. also argues that insufficient evidence exists to show that Duncan, Inc. received the good will of Capital. Additionally, Duncan, Inc. argues that there is evidence that the property used by Capital employees such as computers, desks, and filing cabinets, was owned by the individual employees of Capital and not the corporation so that Capital could not have sold this property to Duncan, Inc., even though employees of Duncan, Inc. now use this property. Also, no officer or shareholder of Capital is now an officer or shareholder of Duncan, Inc.

On the other hand, the evidence before the trial court in support of the fact that Duncan, Inc. purchased all of Capital's assets for grossly inadequate consideration is that no evidence exists to show Duncan, Inc. ever paid Capital anything, yet after Capital ceased to operate, Duncan, Inc. started leasing Jo Anne Duncan's trucks which had previously been leased to Capital. The Capital logos on the trucks were immediately replaced by Duncan, Inc. logos. Additionally, Duncan, Inc. serves at least one, and maybe several of the same customers that Capital had previously serviced, suggesting that Duncan, Inc. may have acquired the good will of Capital. The evidence also shows that plaintiff received a freight bill from Capital with a return address for "Duncan Transportation", and the same employees who worked for Capital previously are now either employees of, or officers and shareholders of, Duncan, Inc.

Based upon our review of the record, we find that there is a question as to the weight of the evidence that was before the trial court to show Duncan, Inc. was a "mere continuation" of Capital or that Duncan, Inc. "purchased" Capital to defraud Capital's

WATSON v. EMPLOYMENT SECURITY COMM.

[111 N.C. App. 410 (1993)]

creditors. Although Duncan, Inc. argues on appeal that it is entitled to summary judgment, we disagree. There is sufficient evidence in the record to create a genuine issue as to the material fact of whether Duncan, Inc. purchased Capital for grossly inadequate consideration, whether Capital fraudulently conveyed its assets to Duncan, Inc., and whether, depending on the determination of these issues, Duncan, Inc.'s actions constituted an unfair and deceptive trade practice. We cannot, therefore, say that either party is entitled to judgment as a matter of law. Accordingly, we vacate the order of the trial court granting plaintiff's motion for summary judgment and remand this case for trial.

Vacated and Remanded.

Chief Judge ARNOLD and Judge JOHNSON concur.