JAMES T. BARNES. JR., and LORIS D. HILL, Plaintiffs,
v.
WYVONIA B. DANCY, Defendant.
No. COA07-79
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Wooten, Brock & Strickland, P.L.L.C., by Dal F. Wooten, for plaintiffs-appellants.
Haithcock, Barfield, Hulse & Kinsey, P.L.L.C., by Glenn A. Barfield, for defendant-appellee.
JACKSON, Judge.
James T. Barnes, Jr. and Loris D. Hill ("plaintiffs") appeal from an order granting summary judgment in favor of Wyvonia B. Dancy ("defendant"). For the reasons stated below, we affirm the trial court's ruling.
From 1991 until 1997, Mary Louise Barnes ("Ms. Barnes") spent about six months per year with her son and daughter, plaintiffs, and the other six months with her daughter, defendant. On or about 22 April 1997, Ms. Barnes executed a will conveying her property to all three of her children. She executed a Gift Deed on or about 20May 1997 that conveyed her residence to defendant  a residence the two had shared for thirty-seven years.
Following a stroke in 1991 and broken hip in 1995, Ms. Barnes suffered from poor health, requiring twenty-four hour nursing care, much of which was provided by defendant. After Ms. Barnes' death on 9 January 2000, plaintiffs filed suit challenging the Gift Deed, alleging that Ms. Barnes lacked the necessary capacity to execute a valid deed of gift and that defendant exercised undue control and manipulated Ms. Barnes into executing the deed.
Defendant filed a motion for summary judgment, accompanied by seven affidavits attesting to Ms. Barnes' mental competence. The affiants included Ms. Barnes' treating physician, attorney, and several long-time friends who regularly visited with Ms. Barnes. Plaintiffs opposed the motion, and filed three affidavits attesting to Ms. Barnes' lack of mental capacity. These were the affidavits of plaintiff Barnes, his wife, and plaintiff Hill.
In its order filed 13 October 2006, the trial court granted summary judgment in defendant's favor, finding no genuine issue as to any material fact. Plaintiffs appeal.
In their sole assignment of error, plaintiffs challenge the trial court's granting of defendant's motion for summary judgment, arguing there was a genuine issue of material fact to be determined by a jury as to whether Ms. Barnes had sufficient mental capacity to execute a gift deed in May 1997. We disagree.
This Court reviews an order allowing summary judgment de novo. Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004) (citing Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003)). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. Summey, 357 N.C. at 498, 586 S.E.2d at 249 (citing Dobson v. Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000)). A motion for summary judgment should be denied if there is any evidence of a genuine issue of material fact. Howerton, 358 N.C. at 471, 597 S.E.2d at 694.
When the moving party presents a defense supported by facts that would entitle her to judgment as a matter of law, the burden shifts to the party opposing the motion to come forward with a forecast of the evidence that would tend to support his claim for relief. Cone v. Cone, 50 N.C. App. 343, 347, 274 S.E.2d 341, 343-44 (1981) (citing Best v. Perry, 41 N.C. App. 107, 110, 254 S.E.2d 281, 284 (1979)). Should the opposing party fail to respond with a forecast of evidence showing that the movant is not entitled to judgment as a matter of law, summary judgment should be entered in favor of the moving party. Best, 41 N.C. App. at 110, 254 S.E.2d at 284. Mental capacity to make a deed is not itself a question of fact.
Rather, it is a conclusion which the law draws from certain facts as a premise, such as whether the grantor understood what he was doing  the nature and consequences of his act in making the deed; that is, whether he knew what land he was disposing of, to whom, and how.
McDevitt v. Chandler, 241 N.C. 677, 680, 86 S.E.2d 438, 440 (1955) (citations omitted).
In the instant case, defendant's affidavits show that, at the time the deed was executed, Ms. Barnes (1) was mentally competent to carry out decisions; (2) had declined physically, but not mentally; and (3) did not exhibit confusion or disorientation. These facts tend to show that Ms. Barnes was mentally competent in May 1997. Taken as true, this would defeat plaintiffs' claim that the deed was invalid. Having forecast evidence that would entitle defendant to judgment as a matter of law, it was incumbent upon plaintiffs to forecast specific evidence tending to support their claim that Ms. Barnes lacked the mental capacity required to execute a valid deed in May 1997.
As to Ms. Barnes' mental capacity, plaintiffs' affidavits show that (1) she was intermittently disoriented as to time and place; (2) her short-term memory was not intact; (3) she could not remember her son's telephone number; and (4) she could not remember a visit in 1999 one week later. "The issue joined by the evidence in the case was whether deceased lacked mental capacity to execute a deed on or about [the date it was executed]. Evidence ofdeceased's mental state at other, remote times is not relevant." Hardee v. Hardee, 309 N.C. 753, 762, 309 S.E.2d 243, 248 (1983). None of plaintiffs' facts tend to show that Ms. Barnes did not understand what she was doing  that she was giving her home to her daughter, to the exclusion of her other children, by way of a deed, thus evidencing a lack of mental capacity to execute the gift deed in May 1997.
Because plaintiffs failed to specifically rebut defendant's evidence by establishing that at the time the deed was executed Ms. Barnes lacked the necessary mental capacity, summary judgment in defendant's favor was proper.
Affirmed.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).